EDITH H. HARCUM, TRADING AS THE HARCUM SCHOOL, PLAINTIFF, v. EDITH G. GREENE, DEFENDANT.

Submitted October 14, 1932—Decided June 21, 1933.

Before Justices CASE and BROGAN.

For the plaintiff, *Elmer G. Van Name.*

For the defendant Edith (Edythe) G. Greene, *Robert J. Tait Paul.*

For the executors and trustees, *French, Richards & Bradley.*

The opinion of the court was delivered by

BROGAN, CHIEF JUSTICE. This case is before us on a rule to show cause why execution should not issue against the income of the defendant.

On May 8th, 1931, a judgment was recovered against Edith G. Greene by the plaintiff in the sum of $1,334.72 and costs. The judgment was docketed in the Supreme Court clerk's office; execution was issued and returned by the sheriff of the county of Camden unsatisfied; the judgment is still unpaid in whole or in part; there are no other executions outstanding. The judgment creditor obtained an order in aid of execution and the testimony taken under that order reveals that the judgment debtor receives an annual income, payable quarterly, at some figure between $3,350 and $4,200 per year. It appears that this money is paid the defendant herein by a trustee from the income of a trust fund erected in the will of the father of the defendant, the pertinent part of which is as follows:

"The rents and income arising under the trusts of this will and every of them, and the *corpus* or principal of said trusts, shall be entirely free from and the same shall not in any way be subject or liable to or for the debts, liabilities, creditors, assignments, pledges, contracts, transfers or anticipations of any of my said children, or to attachment or execution at the instance of any of their creditors. \* \* \*."

The proceeding before us is on rule to show cause why execution should not issue against income from this "spendthrift" trust wherein the defendant judgment debtor is the *cestui que trust.*

The statute on execution, section 30-a (2 *Comp. Stat., p.* 2254), provides that such trust funds or the income thereof shall not be subject to execution when such income shall not exceed the sum of $4,000. Subsequent statutes deal with the same subject-matter, the exemption being from time to time recognized until the act of 1916 was passed (1 *Cum. Supp. Comp. Stat., p.* 1207, § 71-9L), where the words of exemption as to such trust funds are omitted. This statute of 1916, *supra,* is an amendment of the statute on executions, is remedial in its nature and intended effect (*Cf. Russell* v. *Mechanics' Realty Co.,* 88 *N. J. L.* 532) and should be liberally construed.

In construing remedial statutes three things must be considered: the old law, the mischief and the remedy. Under the old law (statute) perhaps this income thus derived from the trust was immune from attack on execution. The plain mischief was that satisfaction of just debts might under the old law be avoided and the liberal construction of this remedial statute by its plain intendment is that it lays open to execution, income of this character.

We conclude, therefore, that the plaintiff is entitled to execution and same is hereby awarded in an amount equal to ten per centum of the income per annum, same to be paid *pro rata,* at the stated quarterly income periods.

The rule therefore will be made absolute, with costs.