ST. MARY'S OF MT. VIRGIN'S CHURCH OF NEW BRUNS- WICK, NEW JERSEY, PROSECUTOR, v. BOARD OF AD- JUSTMENT OF THE CITY OF NEW BRUNSWICK, HARRY S. FELLER, CLERK OF THE BOARD OF AD- JUSTMENT, AND JOHN F. LYNCH, BUILDING INSPEC- TOR OF THE CITY OF NEW BRUNSWICK, DEFEND- ANTS.

Argued January 22, 1936—Decided April 23, 1936.

Before Justices CASE and BODINE.

For the prosecutor, *C. Raymond Lyons.*

For the board of adjustment of the city of New Brunswick and John F. Lynch, building inspector, *Thomas H. Hagerty* and *William F. McCloskey.*

For the Sanitary Ice and Coal Company, *James J. Curran.*

PER CURIAM.

The writ of *certiorari* brings up for review a permit issued by the building inspector of the city of New Brunswick upon the recommendation of the board of adjustment of that city to Sanitary Ice and Coal Company for the erection of a motor vehicle service or gas station on premises at the corner of Remsen avenue and Sandford street. The application for the permit was denied by the city building inspector upon the general ground that the granting of it would be in "violation of the zoning ordinance." On appeal the board of adjustment found that the construction would be in violation of sections III and VI of the zoning ordinance but nevertheless resolved as follows:

"Now therefore this Board finds and determines that such construction would be a violation of such sections of said ordinance as alleged by said Building Inspector, and

"Be it further resolved that this Board finds and determines that such construction, however, due to the peculiar circumstances of the case would not be contrary to the public interest, and that owing to the special conditions existing a literal enforcement of the provisions of the ordinance would be observed and substantial justice done if a permit were granted to the said Sanitary Ice and Coal Company, for the erection of a motor vehicle service station (drive-in gas station) on premises at No. 186 Remsen Avenue, in the City of New Brunswick, and

"Be it further resolved that this Board does hereby recommend to the said John J. Lynch, Building Inspector of the City of New Brunswick that said permit be granted to the said Sanitary Ice and Coal company for the erection of said motor vehicle service station (drive-in gas station) on premises at No. 186 Remsen Avenue, New Brunswick, N. J."

Sections III and VI of the ordinance were made a part of the return. Section III provides that "In a business zone, no building or premise shall be used, and no building shall be erected or altered which is arranged, intended or designed to be used for any of the following specified trades, industries or uses: * * * 15. Motor vehicle service station except as permitted in Section XIII. * * *." The provisions of

section XIII are not before us. Section VI provides that "Under no circumstances shall a permit be issued for the erection or enlargement of * * * a motor vehicle service or gas filling station * * * in any business or industrial zone, if any part of the lot or plot in question is situated within a distance of two hundred feet as measured along the public streets of or within any portion of a street between two intersecting streets in which portion there exists: * * * 4. A church. * * * No exception shall be made to the provision of this section by the Board of Adjustment."

There are formal returns to the writ by the secretary of the board of adjustment and by the building inspector. These returns contain a synopsis of the original application for permit, the full application for variation made to the board of adjustment, a notice of appeal from the decision of the building inspector, the resolution of the board of adjustment to which we have already referred, the application for permit and the granting of a permit based thereon and section III and section VI excerpted from the zoning ordinance. Those papers, with the addition of prosecutor's reasons, constitute the entire state of case. We have no showing of the proofs taken before the board of adjustment, no depositions incidental to the writ, no stipulation of facts. Affixed to the state of case is a blueprint map purporting to show radial distances between the property of the prosecutor and that of the permitee, and affixed to the defendants' brief is a blueprint map purporting to show distances between these properties by a different method of calculation. But neither of these maps appears to be officially incorporated into the case or to be directed towards any question save that of distance.

Both the building inspector and the board of adjustment found that the proposed construction violated the third and sixth sections of the ordinance. It is conceded by the defendants that that finding was correct as to the third section. Section 9 of the Zoning act, chapter 274, *Pamph. L.* 1928; *Cum. Supp. Comp. Stat.*, 1925-1930, *p.* 1247, § *136-4200J(9), gives to the zoning board power to authorize, upon appeal in specific cases, such variances from the terms of the ordinance as will not be contrary to the public interest

where, owing to special conditions, a literal enforcement of the provisions will result in unnecessary hardship, and so that the spirit of the ordinance shall be observed and substantial justice done "provided, that no such variance shall be made to grant or allow a structure or use in a district restricted against such structure or use unless the lands in respect of which the variance is made abut a district in which such structure or use is authorized by the zoning ordinance; and provided, further, that no such structure or use shall be allowed more than one hundred and fifty (150) feet beyond the boundary line of the district in which such structure or use is authorized by the zoning ordinance."

There is nothing in the record to sustain the finding of the board. We start with the proposition that the proposed construction is contrary to the provisions of the zoning ordinance. Without some proof or certification of peculiar circumstances or of special conditions we are quite unable to find that a variation of the ordinance may, in the reasonable exercise of discretion, be permitted. One of the statutory jurisdictional essentials to board intervention is that, owing to special conditions, a literal enforcement of the provisions of the ordinance will result in unnecessary hardship. Recitals in an application to the board of adjustment for a variance and assertions in brief of counsel do not have the status of proofs. We may not guess away the prohibitions of the zoning ordinance.

The board action and the issuing of the permit thereunder will be set aside with costs to prosecutor but without prejudice to a renewal of the application for permit.