The Board of Adjustment of Newark recommended, and the Board of Commissioners of Newark on April 21, 1948 granted, a variance from the Zoning Ordinance, permitting the United Americans Club, Inc. to extend its building beyond the average set-back line on Clinton Avenue, Newark. The action was taken under the authority, then granted by R.S. 40:55-39. Certiorari was allowed to review the action of the Board of Adjustment and the Board of Commissioners.
At the hearing before the Board of Adjustment, the applicant did not claim that unnecessary hardship would result from a literal enforcement of the set-back line, and no evidence was presented which would support such a claim if made. The record shows that this Board proceeded on the theory that it had power to recommend the variance on a finding that no *Page 47 
unnecessary hardship to others would result; and, further, that the recommendation that the variance be granted was made on this theory. At the hearing, the error in this theory was called to the attention of this Board by the attorney for the objector.
It is true that the written recommendation of the Board of Adjustment to the Board of Commissioners recited "that owing to special conditions as shown by the appellant, a literal enforcement of the provisions of the ordinance will result in unnecessary hardship," which recital follows the language of the statute; but the mere recital is of no avail unless there is evidence in the record to support it. St. Mary's Etc. Church v.Board of Adjustment, 14 N.J. Misc. 288 (Sup.Ct. 1936).
At the hearing before the Board of Commissioners, the attorney for the objector called attention to the absence of any evidence which showed or even tended to show that, owing to special conditions, a literal enforcement of the set-back line would result in unnecessary hardship. The Board of Commissioners, however, granted the variance.
The power of the Board of Commissioners to grant the variance depended (1) upon a finding that literal enforcement of the provisions of the ordinance will result in unnecessary hardship, and (2) upon evidence to support such finding. R.S. 40:55-39.Brandon v. Montclair, 125 N.J.L. 367 (E. A. 1940); St.Mary's Etc. Church v. Board of Adjustment, above. In this case there was no evidence, either before the Board of Adjustment or the Board of Commissioners, to support the finding.
The resolution of the Board of Commissioners and the determination of the Board of Adjustment under review are set aside. *Page 48