STEFANO GIORDANO, PROSECUTOR-RESPONDENT, v. THE CITY COMMISSION OF THE CITY OF NEWARK, JOSEPH C. CAPRIO ET AL., CONSTITUTING THE BOARD OF ADJUSTMENT OF THE CITY OF NEWARK, UNITED AMERICAN CLUBS, INC., UNITED AMERICANS HOLD-ING COMPANY, INC., AND PASQUALE PANNACCIONE ET AL., PARTNERS AS PANNACCIONE & MANGANI, DEFENDANTS-APPELLANTS.

Argued June 6, 1949—Decided June 30, 1949.

588

*Mr. Nicholas Conover English* (*Messrs. McCarter, English & Studer,* attorneys) argued the cause for the prosecutor-respondent.

*Mr. Joseph A. Ward* (*Mr. Thomas L. Parsonnet,* attorney) argued the cause for the defendants-appellants the City Commission of the City of Newark et al.

*Mr. Lawrence Friedman* (*Mr. Mario V. Farco,* attorney) argued the cause for the defendants-appellants United American Clubs et al.

The opinion of the court was delivered by

OLIPHANT, J. This appeal involves a variance from a provision of a zoning ordinance respecting a set back line, and we conclude the judgment of the Superior Court, Appellate Division, should be affirmed for the reasons expressed in its opinion, 2 *N. J. Super* 45, 64 *A.* 2d 462, supplemented as follows:

Appellants argued orally before us and in their briefs that the Board of Adjustment, having made an inspection of the premises in question and the properties in its immediate neighborhood, the members thereof were therefore, from the personal knowledge obtained from that inspection, entitled to grant the variance asked for.

█ We approve of the practice, where practical, of a board of adjustment making an inspection of the site and the neighborhood generally. *Amon v. Rahway,* 117 *N. J. L.* 589 (*Sup. Ct.* 1937). Such first hand knowledge is invaluable in the determination of zoning cases but the knowledge thus gained cannot be made the basis, in whole or in part, for the award

of a variance or a change in a zoning ordinance unless there appears in the record the facts respecting the physical situation disclosed by the inspection.

No determination can be permitted to rest upon undisclosed findings or information dehors the record. If such could be the parties would be denied the essence of a hearing, they would be kept in ignorance of the things controlling the action of the board, and due process would be flouted. The rights of the parties can only be protected, both in the trial tribunal and on review, by a full disclosure on the record of the facts relied upon for the board's findings. *Scadulo v. Bloomfield*, 127 *N. J. L.* 1 (*Sup. Ct.* 1941); *P. R. R. Co. v. N. J. State Aviation Comm. et al.*, 2 *N. J.* 64.

A motion was made before us by prosecutor-respondent to dismiss this appeal on the ground that the judgment appealed from is not such a judgment from which an appeal can be taken to this court under the Constitution, the statutes or the Supreme Court rules.

This motion was held pending argument on the merits and while not necessary for the disposition of this particular case we deem the question of such importance to the bar, and particularly as it has caused much confusion, we will dispose of it.

The writ of *certiorari* in this case issued on May 26, 1948. The cause was transferred to the Appellate Division of the Superior Court by the operation of *article XI, section IV, paragraph* 8(b), *Constitution* (1947), and *P. L.* 1948, c. 367, § 14. The cause was argued on January 31, 1949, before the Appellate Division of the Superior Court and was decided March 15, 1949.

The respondent argues that an appeal does not lie to this court from such a judgment of the Appellate Division under *article VI, section V, paragraph* 1, *Constitution* (1947). Clearly this would be so if this proceeding was instituted subsequent to September 15, 1948, since the judgment of the Appellate Division would be on appeal from the Law Division of the Superior Court, *article VI, section V, paragraph* 4, *Rules* 3:81–1 to 3:81–14.

██ It is implicit and within the spirit and concept of .
*article VI* of the Constitution (1947) that an aggrieved party
is entitled to and granted one appeal to a higher tribunal as
a matter of right, and to an appeal to the Supreme Court in
the instances designated in *article VI, section 5, paragraph 1*.

The cause was instituted in the old Supreme Court, which
was the successor to the Court of Kings Bench and as such
was vested with inherent and constitutional *civil* jurisdiction
in three classes of causes (1) actions in the usual course of
law between parties, (2) appeals from the Pleas and all other
inferior courts, and (3) prerogative writs which latter juris-
diction entailed the supervision and control of all inferior
jurisdictions or tribunals, *State, Dufford, Pros., v. Decue,*
31 *N. J. L.* 302, 306 (*Sup. Ct.* 1864).

An appeal or writ of error did lie from a final judgment
of the old Supreme Court to the Court of Errors and Appeals.
*Article VI, section 1, Constitution* (1844) ; *R. S.* 2:27–345,
349, 350 and 351. However, many judgments of the Supreme
Court in causes cognizable by means of the prerogative writs,
could not be reviewed by writ of error or otherwise, they were
absolutely final. *State, Dufford, Pros., v. Decue, supra, p.*
306. For example orders in *certiorari* granting or refusing
the writ, the refusal or vacating an *allocatur,* or setting aside
decisions of lower tribunals in interlocutory matters. *State
v. Wood,* 21 *N. J. L.* 682 (*E. & A.* 1847) ; *Post v. Anderson,*
111 *Id.* 303 (*E. & A.* 1933) ; *Daniel B. Frazier Co. v. Twp.
of Long Beach, etc.,* 110 *Id.* 221 (*E. & A.* 1933) ; *Braun-
stein v. Mutual Life Ins. Co.,* 130 *Id.* 629 (*E. & A.* 1943) ;
*Guardian Life Ins. Co. v. State Board, etc.,* 130 *Id.* 478 (*E. &
A.* 1943). Likewise in *mandamus* an appeal or writ of error
would not lie from an order or judgment granting a writ or
discharging a rule to show cause, except in those cases covered
by the *Mandamus Act, R. S.* 2:83–11, 15. *Neptune Township
v. Mannion,* 73 *N. J. L.* 816 (*E. & A.* 1907) ; *Morris & Cum-
mings Dredging Co. v. Bayonne,* 76 *Id.* 573 (*E. & A.* 1908) ;
*Trinkle v. Donnelly,* 98 *Id.* 298 (*E. & A.* 1922) ; *Reed v.
Board of Canvassers, Essex County,* 119 *Id.* 115 (*E. & A.*
1937).

Only a final judgment of the Supreme Court on *certiorari* was reviewable in the Court of Errors and Appeals, either on writ of error or appeal, *Hoxsey v. Paterson,* 39 *N. J. L.* 489 (*E. & A.* 1877); *Moran v. Jersey City,* 58 *Id.* 653 (*E. & A.* 1896). We hold the judgment in this cause entered in the Appellate Division is such a final judgment which, if entered in the old Supreme Court, would have been subject to review in the Court of Errors and Appeals by writ of error or appeal.

The Constitution (1947), by *article XI, section 4, paragraph* 8 (b) thereof transferred from the old Supreme Court to the Appellate Division of the Superior Court "All causes and proceedings of whatever character pending on appeal or writ of error * * * and all pending causes involving the prerogative writs," and by parargaph (c) thereof all pending civil causes in the usual course of law between parties other than those stated were transferred to the Superior Court. By this section all causes heretofore cognizable under the three types of civil jurisdiction defined in *State, Dufford, Pros., v. Decue, supra,* were effectively transferred.

*Article VI, section 5, paragraph* 1 (e) contains an omnibus grant of power to the Legislature to provide appeal "in such causes as may be provided by law." The purpose of this paragraph was to insure a flexibility necessary to deal with problems inherent in the transition, with the least possible loss of rights by litigants which might incidently occur in such transition, and to meet the future problems of case loads as they would arise, in a manner consistent with the spirit and purpose of the section, viz., to expedite the hearing and final disposition of appeals.

Pursuant to the constitutional grant of power, the Legislature enacted *P. L.* 1948, *c.* 367. The statute is consonant with the purpose of the constitutional power. *Section* 16 provides it is remedial and shall be liberally construed to prevent surprise or injustice to the litigants concerned. *Section* 2 of the act states that its purpose is "to facilitate the transfer of causes and proceedings pending in the courts on September fifteenth, one thousand nine hundred and forty-eight * * * according to the provisions * * * of the

Constitution so as to obviate doubts, advance justice and expedite the further prosecution of said causes and proceedings, and *to fully protect the* rights and interests of the parties to such causes and proceedings." The language of the section generally follows a statute, *P. L.* 1845, *p.* 157, enacted to implement the Constitution of 1844.

*Section* 12 preserves the right of appeal from the old Supreme Court to the Court of Errors and Appeals by providing appeals taken from the old Supreme Court prior to September 15, 1948, would be heard by the new Supreme Court and that appeals from adjudications made prior to that date would likewise be taken to and heard by the new Supreme Court if taken within the time limited. *Cf. Plahn v. Givernaud,* 85 *N. J. Eq.* 143 (*E. & A.* 1915); *Oliver v. Oliver,* 127 *Id.* 367 (*E. & A.* 1940), and *section* 6 of the act.

*Section* 13 likewise preserves the right of appeal in any cause or proceeding so transferred if an appeal could have been taken to the Court of Errors and Appeals had the Constitution not been adopted, by allowing an appeal to the new Supreme Court from a "final determination * * * *on appeal,* by the Appellate Division of the Superior Court." This section which applies only to appeals pending on September 15, 1948, contains no time limits but it is implicit that the appeal to this court must be taken within the time limited for appeals by the rules.

By these two sections the rights of appeal to the highest court of this State heretofore existing from final judgments of the old Supreme Court entered in the exercise of its *nisi prius* and appellate jurisdiction were preserved as specified therein and such rights of appeal were preserved regardless of the stage or phase the cause or proceeding had reached because *section* 1 of the act states "* * * 'causes and proceedings' shall mean and include all actions, suits and special proceedings, statutory or otherwise, and controversies of a justiciable nature, whether constituting the whole or a part of any such action, suit or special proceeding, within the meaning of *paragraph* 8 of *section IV* of *article XI* of the

Constitution." Such language is all inclusive and embraces all such rights of appeal, without enlarging any such rights.

The third class of civil jurisdiction of the old Supreme Court, its pre-eminent jurisdiction over prerogative writs, *State, Dufford, Pros., v. Decue, supra,* is provided for in *section* 14 of the act. This section transfers all causes and proceedings (as defined in *section* 2) involving prerogative writs to the Appellate Division of the Superior Court to be heard and disposed of by that division, yet it contains no express provision with respect to appeal from the final determination of that court in such causes or proceedings.

■ In view of the remedial purpose of the act and its express and specified purpose "to fully protect the rights and interests of the parties to such causes and proceedings" so transferred, we have no hesitancy in holding that the right of appeal to the new Supreme Court from determinations of the Appellate Division "on appeal" includes a right of appeal from a final judgment of the Appellate Division in *certiorari,* where the *certiorari* is considered in the nature of a writ of error or appeal. *Cf. Hinchman v. Cook,* 20 *N. J. L.* 271 (*Sup. Ct.* 1844) ; *State, Hoxsey, Pros., v. Paterson, supra;* *Allgair v. Hickman,* 82 *Id.* 369 (*E. & A.* 1911).

Since, as stated, it is implicit in the Constitution (1947) to give to each aggrieved party one appeal as a matter of right and since this act was intended to implement the Judicial Article thereof, we are constrained not to impute to the Legislature an intent to deny a right of a party to appeal from a final judgment in a proceeding involving a prerogative writ where an appeal could have been taken to the Court of Errors and Appeals if the Constitution had not been adopted. Such an appeal is allowed to the Appellate Division under *article VI, section 5, paragraphs* 2 and 4, in actions instituted under the new procedure.

It would indeed be anomalous if it was intended that a party could appeal from a final judgment entered in a prerogative writ proceeding in the old Supreme Court on September 14, 1948, while another party would be denied the right to appeal from a similar judgment entered and decided

by the Appellate Division on September 16, 1948, or from a similar judgment entered by the Appellate Division on September 15, 1948, on a determination of the old Supreme Court made prior thereto, even though all three enumerated causes were instituted on the same day.

In view of the intricacies of the law relative to the right of appeal from judgments or orders entered in proceedings involving prerogative writs, it is and would be an extremely difficult task to accurately define such right of appeal in a statute or a section thereof, even if it could be done it might result in piling confusion upon intricacy. We are of the opinion it was, of necessity, the intent of the Legislature to leave the resolution of the problem to decisional law, bearing in mind that one of the purposes of the Judicial Article was to remove, if possible, the technical distinctions and considerations which weighted down the practice in prerogative writs in contradistinction to progress made in the practice and procedures in other causes of a civil nature. Under the Constitution (1947) this is a judicial rather than a legislative function.

██ We are not inclined to place a narrow technical construction on *sections* 12, 13 and 14, *P. L.* 1948, *c.* 367. The statute itself expressly provides for a broad and liberal construction. In giving a legal construction to legislative enactments, the context and the whole act are to be regarded in ascertaining the mind of the Legislature. The entire subject matter and policy of the law are often invoked to aid in the interpretation, and the classical construction of a word will not always give the meaning which use has attached to it. *Gibbons v. Ogden,* 8 *N. J. L.* 288 (*Sup. Ct.* 1826); *Kelly v. City of Paterson,* 35 *Id.* 196 (*Sup. Ct.* 1871). In construing a statute, where ambiguity exists or a literal interpretation would lead to anomalous or absurd results, the spirit of the law controls the letter. *Jensen v. Woolworth,* 92 *N. J. L.* 529 (*E. & A.* 1919); *Bourne v. Levine,* 100 *N. J. Eq.* 141 (*Ch.* 1926). See, also, 3 *Sutherland Statutory Construction,* § 6802.

■■ Giving the statute the broad and liberal construction required,˙ consistent with the spirit of the Constitution, we hold that an appeal can be taken under the Constitution (1947) and *P. L.* 1948, *c.* 367, to this court from a final judgment of the Appellate Division of the Superior Court in a cause or proceeding involving a prerogative writ which had been instituted prior to September 15, 1948, if an appeal could have been taken from such judgment to the Court of Errors and Appeals from the old Supreme Court had the Constitution (1947) not have been adopted, provided the appeal is taken within the time limited by the rules of this court.

The motion to dismiss the appeal is denied.

*For affirmance*—Chief Justice VANDERBILT, and Justices CASE, HEHER, OLIPHANT, BURLING and ACKERSON—6.

*For reversal*—None.

# PETITIONS FOR CERTIFICATION.