ARNOLD GLICK AND HAROLD GLICK, PARTNERS TRADING AS GLICK BOOK-BINDING CO., PROSECUTORS-RESPONDENTS, v. THE TRUSTEES OF THE FREE PUBLIC LIBRARY OF THE CITY OF NEWARK, DEFENDANT-APPELLANT, AND WM. H. RADEMAEKERS & SON CO., DEFENDANT AND PETITIONER FOR CERTIFICATION.

Argued June 13, 1949—Decided June 30, 1949.

*Mr. Vincent J. Casale (Messrs. Thomas L. Parsonnet, Charles Handler* and *Meyer M. Semel,* on the brief) argued the cause for the defendant-appellant The Trustees of the Free Public Library of the City of Newark.

*Mr. Meyer M. Semel* submitted a petition for certification to the Appellate Division of the Superior Court on behalf of the defendant and petitioner for certification Wm. H. Rademaekers & Son Co.

*Mr. Samuel A. Larner* argued the cause for the prosecutors-respondents.

The opinion of the court was delivered by

HEHER, J.   The defendant Trustees of the Free Public Library of the City of Newark appeal from the judgment of the Appellate Division of the Superior Court setting aside,

on *certiorari*, a resolution adopted by the Trustees on March 24, 1948, whereby a contract for the binding and rebinding of the Library's books during the year 1948 was awarded to defendant Wm. H. Rademaekers & Son Co., on a bid of $23,811.25. The respondents submitted a bid of $23,112.95. No reason was assigned for the rejection of the lower bid; want of responsibility is not alleged. The conclusion of the Appellate Division was that the Trustees constitute "a branch or agency of the municipality," and so are "within the meaning of the term 'municipality' as used in *R. S.* 40:50–1." This is the crucial question on the merits.

The respondents move to dismiss the appeal for want of jurisdiction. The writ of *certiorari* was allowed July 22, 1948, prior to the effective date of the Judicial Article of the Constitution of 1947. The judgment of the Appellate Division was entered March 3, 1949. The notice of appeal was filed the ensuing March 30th. The insistence is that the judgment is not appealable of right under Article VI, section V, paragraph 1 of the Constitution, but is reviewable by this court only on certification pursuant to *paragraph* 1 (d) of the cited constitutional provision and *Rule* 1:2–1 of the court. On May 20th, the bidder to whom the award was made, a party to the *certiorari* proceeding, interposed a petition for certification, "as within time." It is said that there is "a diversity of interest" between the defendants which calls for "separate and independent representation," and that certification "is necessary in the event that the * * * appeal be dismissed for failure to seek certification."

The appeal was well taken, and the motion to dismiss is accordingly denied. *Giordano v. City Commission of Newark,* decided this day by this court. 2 *N. J.* 585. The petition for certification is denied. The petitioner made no appearance in the court below. Moreover, the judgment was appealable; and the presentation of the petition was not timely. *Rule* 1:5–5.

On the merits, the argument, in brief, is that the Trustees were constituted "a separate corporate entity" by the act under which it came into being (*R. S.* 40:54–1 *et seq.*), whose

existence was not terminated by the adoption of the Commission Government Act (*R. S.* 40:71–1 *et seq.*) by the City of Newark, and therefore the corporate body is not of the class subject to "the general laws relating to municipalities," and *R. S.* 40:50–1 *et seq.*, has no application.

In an earlier case, the old Supreme Court ruled that the Trustees form "a branch or a board of the municipal government, * * * to manage educational matters for the benefit of the whole community," and not an "independent entity," and, while given a corporate existence "for * * * convenience and for the purposes of * * * administration," the corporate body is yet "a mere branch or agency for that special purpose." The Court of Errors and Appeals found it sufficient to rest affirmance of the particular judgment on the narrower ground that the employees of the Library are "in the paid service of the municipality," and therefore subject to the provisions of the Civil Service Act. *Trustees of Free Public Library of Newark v. Civil Service Commission,* 83 *N. J. L.* 196 (*Sup. Ct.* 1912); affirmed, 86 *N. J. L.* 307 (*E. & A.* 1914).

There is no need to delineate the statutory scheme. It suffices to say that the function delegated to the library management is local and municipal in legislative concept; the instrumentality is an adjunct of the local government in the field of education and intellectual recreation, and under its control. It is the municipality that is empowered to "establish a free public library within its corporate limits." *R. S.* 40:54–1. There is provision for a referendum. *R. S.* 40:54–2 *et seq.* The cost of operation is borne by local taxation; and the money is appropriated by the local governing body or appropriate board. *R. S.* 40:54–8. The trustees are appointed by the mayor or chief executive; and the mayor and one of the local superintendents of schools or the supervising principal are made members of the board. *R. S.* 40:54–9. Library funds are deposited in the municipal treasury, and drawn upon by municipal officers on the vouchers of the trustees. *R. S.* 40:54–18. And, as we have seen, the library employees are in the paid service of the municipality. It is

an agency of the municipality notwithstanding its incorporation as a body politic. That in itself does not give rise to a relationship radically different in character from that which would otherwise exist. It is that substance and not the form of the creation that is the key to the legislative design.

The corporate body thus created is embraced within the provision of *R. S.* 40:50–1, forbidding a "municipality" from entering into a contract of the class specified, unless the "governing body" shall first publicly advertise for bids, and shall award the contract to the lowest responsible bidder. By clear implication, the term "municipality," as here employed, comprises the component parts and agencies of the local governmental subdivision, all designed to advance municipal function; and it would be contrary to the plain policy of the statute to hold that the central government is bound by the provision for competitive bidding but the library board is not merely because, for the purpose of convenience in administration, it has been given a corporate status. The board is a "governing body" within the intendment of the statute. *R. S.* 40:42–2 defines the term to mean the board or body in each municipality designated by statute effective in such municipality as the board or body having control over the subject matter in connection with which the term is used, and having the power and authority to legislate thereon, whether designated as "'board of aldermen,' 'common counsel,' 'board of commissioners,' 'borough council,' 'township committee,' 'village trustees,' 'improvement commission,' 'board of street and water commissioners,' 'board of public works,' 'board of finance,' 'board of health,' 'park commissioners,' 'recreation commissioners,' or otherwise."

A thing which is within the object, spirit and meaning of the statute is as much within the statute as if it were within the letter. Conversely, a thing which is not within the intent and spirit of a statute is not within the statute, though within the letter. *Lewis' Sutherland Statutory Construction* (*2d ed.*) 379. When the general intent is found, general words may be restrained accordingly, and those of narrower significance expanded to effectuate that intent. This is an

ancient canon of construction. *Eureka Case,* 4 *Lawyer* 302, 317, *Fed. Cas. No.* 4548. The statute itself furnishes the best means of its own exposition; and the legislative purpose here is evident when the whole of the provision is related to the obvious policy and purpose. The intent is the essence and the life of the law.

The instant case is plainly not within the exception to *R. S.* 40:50–1. It was not so considered by the Trustees. Bids were invited by public advertisement.

We concur in the Appellate Division's interpretation of *R. S.* 34:9–2, and its conclusion that it has no application here.

The judgment is affirmed.

*For affirmance*—Chief Justice VANDERBILT, and Justices CASE, HEHER, OLIPHANT, WACHENFELD, BURLING and ACKERSON—7.

*For reversal*—None.