[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 424 
This is an appeal from a judgment of the Law Division which set aside a variance granted by the Board of Adjustment of Hamilton Township.
Appellants Rednor and Rainear are the owners of a tract of land 280 feet long and 250 feet deep, fronting on the southerly side of South Broad Street in the Township of Hamilton and bounded on the west by Harcourt Drive and on the east by the DeCou School. The southerly side of South Broad Street to a depth of 100 feet and running 1,800 feet west and 600 feet east of the DeCou School is zoned as a first business district and substantially the entire surrounding area is zoned as a first or second residential district. Rednor and Rainear leased the northeast corner of their tract fronting 100 feet on South Broad Street and being 100 feet in depth to the appellants Samuel and Fred Bombara for the construction *Page 425 
and operation of a diner. The leased land is in its entirety within the business district, but is bounded on two sides by a residence district and no part thereof is more than 100 feet from a residence district.
The Zoning Ordinance prohibits in a first business district the operation of restaurants "any part of which is located within 150 feet of a Residence District" and prohibits the operation of "lunch wagons" in the business district. Application for a permit to erect the diner on the leased premises was denied and an appeal was taken to the Board of Adjustment. Notices were sent to property owners located within 200 feet of the leased premises, including the respondents Lacey and Albert. At the hearing before the Board, Lacey objected on the ground that the diner would "be a nuisance to the neighborhood;" would constitute a traffic hazard which would be dangerous to school children; and would violate the provision of the Zoning Ordinance prohibiting the operation of a restaurant within 150 feet of a residence district. No witnesses were sworn, but the Board made an inspection of the leased premises (see Giordano v. CityCommission of the City of Newark, 2 N.J. 585 (1949)), and granted the variance after finding that there were other places of business adjacent thereto and diagonally across therefrom. The Board expressed the judgment (1) that the denial of the permit would result in unnecessary hardship; (2) that the contemplated structure would not be contrary to the public interest and would not be injurious to the public welfare; and (3) that the contemplated use would not depreciate the values of the surrounding property. Thereupon a complaint was filed in the Law Division, and upon an agreed statement of facts the lower court entered judgment setting aside the Board's action.
The appellants have not attacked the Zoning Ordinance and its validity is not in issue here. Instead, their appeal to the Board was for a variance, evidently under R.S. 40:55-39(c), on the ground that application of the zoning restrictions to the leased land would result in unnecessary or undue hardship within the statutory contemplation. On the *Page 426 
day the appeal to the Board was taken, an amendment of R.S.
40:55-39(c) became law, and the appellants contend that the proceedings thereafter before the Board were governed thereby. The respondents do not dispute this contention, and we believe it to be sound. Cf. Concord Garden Apartments v. Board ofAdjustment of City of Englewood, 1 N.J. Super. 301,64 A.2d 355 (App. Div. 1949). As amended, R.S. 40:55-39(c) provides, in the main, that where, by reason of the exceptional shape of a specific piece of property at the time of the adoption of the regulation, or by reason of exceptional topographic conditions or "other extraordinary and exceptional situation or condition of such piece of property" strict application of the regulation would result in exceptional and undue hardship upon the owner of such property, a variance may be granted by the Board. It is settled that the statutory showing is a jurisdictional prerequisite to the granting of a valid variance by the Board.Cf. Ramsbotham v. Board of Public Works, Paterson, 2 N.J. 131,135 (1949).
The record before us is devoid of any suggestion that a sufficient showing within R.S. 40:55-39(c) was made before the Board. There was nothing exceptional in the situation or condition of the leased premises and there was no evidence of exceptional and undue hardship. The leased premises are on a customary lot 100 feet by 100 feet fronting on a business thoroughfare. Although it may not be used for the operation of a restaurant, it may be used for any of the other businesses permitted within the business district. The Board's findings that there were places of business in the neighborhood and that the proposed structure would not constitute a hazard and would not depreciate the values of the surrounding properties were beyond the point; they did not, in any sense, establish the statutory showing as herein-before expressed, and the Board's conclusion that hardship would result, having no evidence in the record to support it, was of no avail. See Giordano v. City Commission ofCity of Newark, 2 N.J. Super. 45, 64 A.2d 462 (App. Div.
1949); affirmed, 2 N.J. 585 (1949). Accordingly, its action in *Page 427 
granting the variance was erroneous and was properly set aside by the lower court. We might note, in passing, that the result would not differ if it were assumed that the proceedings for a variance were governed by R.S. 40:55-39(c) prior to its amendment. SeeRamsbotham v. Board of Public Works, supra.
Since the foregoing is dispositive, we find it unnecessary to comment on the other contentions advanced by the parties, except to point out that we see no merit in the appellants' point that the respondents had no standing to file their complaint in the Law Division because their property, although within 200 feet of the leased premises, was in a different zone. See Lynch v.Borough of Hillside, 136 N.J.L. 129, 134 (Sup. Ct. 1947); affirmed, 137 N.J.L. 280 (E. A. 1948).
The judgment is affirmed.