The Bergen County Court, Probate Division, entered an order for adoption of Warren Stewart Moffett, Jr., a minor child, by Wilbur J. Lotz and his wife, Ann. The natural parents, who contested the adoption proceedings, seek a reversal of that order.
The child in question was born on November 12, 1947. While the mother was in a New York City hospital with the child, and with her knowledge and consent, the natural father solicited the aid of Mrs. Higginbotham, then employed as Social Director of the Hackensack Hospital, to find suitable persons to adopt the child. Consequently, on November 22, 1947, at the Hackensack Hospital, the natural parents were interrogated by the adopting parents' family physician and discussed the prospective adoption with their attorney. As the result of this conference, the natural parents voluntarily signed consents for the adoption and surrendered the custody of the child to the adopting parents. The adopting parents were present at the hospital, but the natural parents indicated that they had no desire to meet them.
Almost a year thereafter, the natural mother made inquiry of Mrs. Higginbotham as to regaining custody of her child, but was told in substance it was impossible and to forget about *Page 85 
it. Subsequently, the natural mother was interviewed by a representative of the Catholic Charities conducting a preadoption investigation under the direction of the court before whom the adoption proceedings were pending.
The only question that requires discussion and determination is whether the placement and acceptance of the child were in violation of R.S. 9:3-1, as amended. Appellants contend there was a violation here, which made the adoption proceedings a nullity. R.S. 9:3-1, as amended, provides as follows:
"Any unmarried person of full age, a husband with his wife's consent, a wife with her husband's consent or husband and wife jointly, may petition the orphans' court of the county wherein the petitioner or any minor child may reside for permission to adopt such child and change the name of such child. No person, firm, corporation, association or agency shall be permitted to place minor children for the purpose of adoption within this State unless such person, firm, corporation, association or agency has been or shall have been approved for such purpose by the Department of Institutions and Agencies. Any person, firm, corporation, association or agency which has not been approved by the Department of Institutions and Agencies for such purpose making such placement and any person, not previously approved as adopting parents by a person, firm, corporation, association or agency, designated by the Department of Institutions and Agencies for this purpose, receiving a child for adoption in this State shall be guilty of a misdemeanor and for the first offense may be punished by a fine not exceeding one hundred dollars ($100.00) and for each subsequent offense may be punished by a fine not exceeding one thousand dollars ($1,000.00) or imprisonment for a period not exceeding one year, or both.
"This prohibition against placement of minor children for adoption shall not apply when such children are placed for the purpose of adoption with persons related to the said child as brother, sister, aunt, uncle, grandparent or step-parent. The Department of Institutions and Agencies shall establish and maintain a list of all persons, firms, corporations, associations and agencies who have been approved for the purpose of placing minor children for adoption within this State and said list shall be available for inspection by all persons interested therein."
R.S. 9:3-2 et seq. sets out the procedure for the adoption of minor children.
We think that judicial notice may be taken of the fact that the amendments to R.S. 9:3-1 adopted by the *Page 86 
Legislature by P.L. 1944, c. 239, and P.L. 1945, c. 196, were intended to eliminate the exploitation of the placement of unwanted infants for adoption by unauthorized persons or associations for monetary return, regardless of the welfare of the minor child, and thus to regulate and control such placement and adoption by persons or agencies who engaged therein as a business venture. A careful examination of R.S. 9:3-1, as amended, reveals that it was not intended to interfere with or prevent natural parents from voluntarily placing their child for adoption with some fit persons as adopting parents. As indicating the legislative intendment, R.S. 9:3-1, as amended, provides,inter alia: "* * * The Department of Institutions and Agencies shall establish and maintain a list of all persons, firms, corporations, associations and agencies who have been approved for the purpose of placing minor children for adoption within this State and said list shall be available for inspection by all persons interested therein." This portion of the amended provision indicates that it was aimed at all persons, etc., who intended to continue or thereafter to engage in the activity of placing minor children for adoption. Appellant argues that R.S.
9:3-1 imposes a penalty upon the adopting parents as well, for accepting any such placement from a person or agency which has not been approved by the Department of Institutions and Agencies for that purpose. However, a careful reading of that part of the statutory provision convinces us that the penalty provided for is to become effective when the person or agency who make a practice of placement of "minor children for the purpose of adoption" has not been approved and listed for that purpose. The amended statute is remedial in nature and was intended to cure an existing evil and, therefore, should be liberally construed.Harcum v. Greene, 111 N.J.L. 129 (Sup. Ct. 1933). "A thing which is within the object, spirit and meaning of the statute is as much within the statute as if it were within the letter. Conversely, a thing which is not within the intent and spirit of a statute is not within the statute, though within the letter.Lewis' Sutherland Statutory Construction (2d ed.) 379. When the general *Page 87 
intent is found, general words may be restrained accordingly, and those of narrower significance expanded to effectuate that intent. This is an ancient canon of construction." Glick v.Trustees of Free Public Library, 2 N.J. 579, at pp. 584, 585 (Sup. Ct. 1949).
We are of the opinion that the adoption proceedings were valid and not in contravention of R.S. 9:3-1 et seq.
Consideration has been given to the other contentions of the appellants, but we find they are without merit.
The investigating agency appointed by the court reported that the adopting parents were respectable persons; that they had given the child excellent care and manifested great love for him and that they were altogether fit persons to whom to commit the rearing of the child and that they were financially able to support him.
The judgment is affirmed, without costs.