223 N.J. Super. 195 (1988)
538 A.2d 425
MODESTINE GOODWIN, PLAINTIFF-RESPONDENT,
v.
RUTGERS CASUALTY INSURANCE COMPANY, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued October 21, 1987.
Decided March 1, 1988.
*196 Before Judges KING and GAULKIN.
Stacey R. Sack, argued the cause for appellant (Charles E. Reynolds, attorney).
Lewis Greenberg argued the cause for respondent (Fuchs, Altschul & Greenberg, attorneys).
The opinion of the court was delivered by KING, P.J.A.D.
This case raises two questions for our resolution: (1) may plaintiff, a passenger in a motor vehicle insured by Rutgers Casualty Insurance Company, recover under the uninsured motorist (UM) coverage where the tort-feasor is a bankrupt, self-insured trucker and (2) if so, may counsel fees be recovered in a claim under the UM coverage? The Law Division judge allowed a UM recovery, including counsel fees. We conclude that the judgment on availability of UM coverage was correct but that the allowance of counsel fees was not proper under R. 4:42-9(a)(6). We affirm in part and reverse in part.
The plaintiff Modestine Goodwin was a passenger in a vehicle insured by Rutgers which was involved in an accident with a vehicle owned by Prime, Inc. of Springfield, Missouri, in Hudson *197 County on August 26, 1983. In August 1985 plaintiff sued Prime and the host driver for personal injuries. In October 1985 she started this declaratory judgment suit against Rutgers seeking the benefit of the UM coverage available under her host's policy. Plaintiff demanded arbitration under the UM feature and counsel fees under R. 4:42-9(a)(6). Rutgers denied liability. We were told at oral argument that plaintiff and Rutgers have stipulated plaintiff's damages in the claim against Prime in the sum of $8,000 for UM purposes.
This dispute arises because in April 1984 plaintiff's attorney learned that Prime, an interstate commercial trucker, had been in voluntary federal bankruptcy in Missouri under Chapter 11 since October 15, 1981. Prime was apparently self-insured for the first $25,000 of its liability, with the approval of the Interstate Commerce Commission. See 49 U.S.C.A. § 10927. On September 5, 1984 Prime's excess liability carrier for claims over $25,000, Excalibur Insurance Company, was placed in statutory liquidation in Minnesota by that state's Commerce Commissioner. We understand that Prime has continued to operate to the present under the aegis of Chapter 11 and the Bankruptcy Court, presumably while under reorganization. To this date, the plaintiff's claim as a general creditor of Prime has brought no payment in the Chapter 11 proceeding.

I
We decide in this circumstance that the Prime truck involved in the 1983 accident with the plaintiff's host driver is effectively an "uninsured motor vehicle" within the meaning of N.J.S.A. 17:28-1.1e(2)(a), i.e., "a motor vehicle with respect to the ownership, operation, maintenance, or use of which there is no bodily injury liability or insurance or bond applicable at the time of the accident." Prime had neither liability insurance, nor any presently reachable assets for that matter, for the first $25,000 of any claim when this accident occurred. If it had been a solvent "self-insured", the loss would either have been *198 settled or tried to verdict in the ordinary course. Since Prime enjoyed no solvent "self-insured" status and had no effective liability insurance, its truck was for all practical purposes an "uninsured motor vehicle" within the meaning of subsection (e)(2)(a). This conclusion is reinforced by the public policy expressed by our Supreme Court and Legislature on the subject of UM coverage. E.g., Christy v. City of Newark, 102 N.J. 598, 608 (1986) ("So strong is the public policy favoring UM coverage" mandated by N.J.S.A. 17:28-1.1). Allstate Ins. Co. v. Altman, 200 N.J. Super. 269, 273-274 (Ch.Div. 1984) (restrictive language of a policy which excluded a self-insurer from the definition of "uninsured" was declared void because the self-insurer was insolvent and in bankruptcy). See also Motor Club of American Ins. Co. v. Phillips, 66 N.J. 277, 292-293 (1974); Transport of New Jersey v. Watler, 161 N.J. Super. 453, 461-462 (App.Div. 1978), aff'd 79 N.J. 400 (1979); Fellippello v. Allstate Ins. Co., 172 N.J. Super. 249, 261-262 (App.Div. 1979).
We thus conclude that Rutgers' policy definition of "uninsured motor vehicle," which excludes any self-insured vehicle is inoperative where the purported self-insurer has become insolvent and has declared voluntary bankruptcy. We reject Rutgers' contention that N.J.S.A. 17:28-1.1e(2)(c) calls for a contrary conclusion. That section provides that "uninsured motor vehicle" shall not include a motor vehicle owned by
a self-insurer within the meaning of any financial responsibility law or similar law of the state in which the motor vehicle is registered or principally garaged.
The instruction of that provision is that an authorized and financially responsible self-insurer is not to be deemed "uninsured." Such a self-insurer has provided an acceptable equivalent of liability insurance. An insolvent self-insurer is neither insured nor financially responsible. There is no reason to conclude that the statute permits a person injured by such an owner to be deprived of UM coverage. The legislature has directed that where a vehicle owner has liability insurance but the insurer has become insolvent or bankrupt, the vehicle is deemed "uninsured." N.J.S.A. 17:28-1.1e(2)(b). We are satisfied *199 that the legislative aim is to treat an insolvent self-insurer in precisely the same manner: a vehicle is deemed "uninsured" whenever insurance or authorized self-insurance is unavailable by reason of insolvency or bankruptcy. An effective self-insurer must be an entity which can pay claims in the usual course, not an empty or shallow pocket left to personal injury claimants who are reduced to general creditors' status, awaiting payment from the debtor's estate after liquidation or reorganization proceedings are finally concluded.

II
We conclude that the award of counsel fees of $2,562.50 to plaintiff's counsel was improper under R. 4:42-9(a)(6). This was neither an action on a liability nor an indemnity policy within the meaning of that rule. See Childs v. N.J. Mfrs. Ins. Co., 199 N.J. Super. 441, 451-452 (App.Div. 1985), rev'd on other grounds 108 N.J. 506 (1987); Enright v. Lubow, 215 N.J. Super. 306, 311 (App.Div. 1987), certif. den. 104 N.J. 376 (1986).
Affirmed in part; reversed in part.