261 N.J. Super. 586 (1993)
619 A.2d 639
DOMINICK TOZZO, INDIVIDUALLY AND AS ADMINISTRATOR OF THE ESTATE OF CAROLE TOZZO, DECEASED, PLAINTIFF-APPELLANT-CROSS-RESPONDENT,
v.
UNIVERSAL UNDERWRITERS INSURANCE COMPANY, DEFENDANT-RESPONDENT-CROSS-APPELLANT, AND LIBERTY MUTUAL INSURANCE COMPANY, DEFENDANT.
Superior Court of New Jersey, Appellate Division.
Submitted December 2, 1992.
Decided January 25, 1993.
*588 Before Judges HAVEY, STERN and BROCHIN.
Greenberg Margolis, attorneys for appellant-cross-respondent (Howard Mankoff, on the brief).
Dwyer, Connell & Lisbona, attorneys for respondent-cross-appellant (James R. Connell, on the brief).
No other parties participated in this appeal.
The opinion of the court was delivered by BROCHIN, J.A.D.
Henry Santiago drove his car on the wrong side of the road and collided with an automobile in which plaintiff Dominick Tozzo and Carole Tozzo, his wife, were passengers. Mr. Tozzo was seriously injured and Mrs. Tozzo died as the result of the collision.
At the time of the collision, Mr. Santiago was employed by the Federal Drug Enforcement Agency. The automobile he was driving was owned by the federal government, but he was not using it on government business. The government denied liability. Mr. Santiago is said to have no personal liability insurance and no significant assets.
Mr. Tozzo filed a personal injury action in federal court against the United States and a declaratory judgment action in the New Jersey Superior Court against his automobile insurer, defendant Universal Underwriters Insurance Company. In the federal action he sought damages for his own personal injury *589 and for his wife's death, and in the state action, indemnification under the uninsured motorist coverage of his automobile insurance policy. Universal Underwriters intervened in the federal action.
Mr. Tozzo's policy afforded him the coverage required by N.J.S.A. 17:28-1. The statute provides for payment to the insured of
all or part of the sums which the insured or his legal representative shall be legally entitled to recover as damages from the operator or owner of an uninsured motor vehicle ... because of bodily injury, sickness or disease, including death resulting therefrom sustained by the insured, caused by accident and arising out of the ownership, maintenance or use of such uninsured ... motor vehicle. ...
[N.J.S.A. 17:28-1.1(a) (Emphasis added).]
However, "uninsured motor vehicle" is defined so that it excludes a "motor vehicle which is owned by the United States or Canada or a state, political subdivision or agency of those governments or any of the foregoing...." N.J.S.A. 17:28-1.1(e)(2)(c).
Universal Underwriters denied coverage on the ground that the tortfeasor was not driving an "uninsured motor vehicle" because his automobile was owned by the United States. Mr. Tozzo moved for summary judgment. Judge Peter B. Cooper granted his motion and ordered Universal Underwriters to submit his uninsured motorist claim to arbitration, but provided that the insurer would "have no obligation to pay ... the amount awarded at arbitration until a reasonable time after the judicial resolution of the [personal injury] case now pending in Federal Court...."
Mr. Tozzo appealed from the provision of the order deferring payment until disposition of the suit against the United States. Universal Underwriters cross-appealed from the ruling that its insured was entitled to recover under his uninsured motorist coverage.
The primary rule for construing a statute is to read it so as to effectuate the probable purpose with which it was enacted:

*590 A thing which is within the object, spirit and meaning of the statute is as much within the statute as if it were within the letter. Conversely, a thing which is not within the intent and spirit of a statute is not within the statute, though within the letter. When the general intent is found, general words may be restrained accordingly, and those of a narrower significance expanded to effectuate that intent.
[Glick v. Trustees of Free Public Library, 2 N.J. 579, 584, 67 A.2d 463 (1949) (Citation omitted.)]
The New Jersey legislature had two purposes for requiring uninsured motorist coverage in every automobile liability policy insuring an automobile registered or principally garaged in New Jersey. The first purpose was to reduce the amount of claims against the Unsatisfied Claim and Judgment Fund. See N.J.S.A. 39:6-61 et seq.; Motor Club of America Ins. Co. v. Phillips, 66 N.J. 277, 293, 330 A.2d 360 (1974). The second was to protect persons injured in motor vehicle accidents from being unable to obtain compensation because their tortfeasors were uninsured, financially irresponsible drivers. Fernandez v. Selected Risks Ins. Co., 82 N.J. 236, 240, 412 A.2d 755 (1980); Gorton v. Reliance Ins. Co., 77 N.J. 563, 571, 391 A.2d 1219 (1978).
Mr. Tozzo was insured under a policy which included uninsured motorist coverage. His ownership of that policy disqualified him from obtaining any recovery from the Unsatisfied Claim and Judgment Fund. See N.J.S.A. 39:6-62 (defining "qualified person" to exclude an insured under a policy providing uninsured motorist coverage). If we were to hold that Mr. Tozzo is not entitled to recover from his own insurer under his uninsured motorist coverage because his tortfeasor was driving a car owned by the United States, we would be making N.J.S.A. 17:28-1.1(a) irrelevant to preserving the Unsatisfied Claim and Judgment Fund and inimical to its purpose of protecting injured motorists, and we would be adopting a construction of his insurance policy which would be contrary to his reasonable expectations as an insured. If indemnification is not available, the effect of the statute requiring him to purchase uninsured *591 motorist coverage will have been to cost him premiums and to make him ineligible for redress from the Unsatisfied Claim and Judgment Fund. Consequently, we agree with Judge Cooper that to effectuate the purposes of N.J.S.A. 17:28-1.1, the statutory exclusion of "a motor vehicle ... owned by the United States" from the definition of "uninsured motor vehicle" should be understood to refer to a motor vehicle owned by the United States only in a case in which the United States has not denied that it would be vicariously liable for damages which have resulted from the driver's tort.[1]
We also hold that arbitration and payment of any arbitration award should not be stayed until disposition of Mr. Tozzo's action against the United States. In the insurance policy which it issued to its insured, Universal Underwriters agreed to "pay the sums the INSURED is legally entitled to recover as damages from the owner or driver of an UNINSURED MOTOR VEHICLE." The arbitration provision of the uninsured motorist coverage reads:
If WE and an INSURED can't agree whether the INSURED is legally entitled to recover damages from the owner or driver of an UNINSURED MOTOR VEHICLE or do not agree as to the amount of damages, either party may make a written demand for arbitration. In this event, each party will select an arbitrator. The two arbitrators will select a third arbitrator. If they cannot agree within 30 days, either may request that selection be made by a judge of a court having jurisdiction.
There is nothing in these provisions which should lead to the deferral of arbitration or of payment of any award. Travelers *592 Indemnity Company v. Mongiovi, 135 N.J. Super. 452, 459, 343 A.2d 750 (App.Div. 1975); N.J. Mfrs. Ins. Co. v. Haran, 128 N.J. Super. 265, 319 A.2d 768 (App.Div. 1974); see Parks v. Colonial Penn Ins. Co., 98 N.J. 42, 51, 484 A.2d 4 (1984). If Mr. Tozzo should prevail in his federal court suit against the United States, Universal Underwriters will be subrogated to his judgment.
We therefore hold that the car Mr. Santiago was driving is not excluded from the definition of "uninsured motor vehicle" in Mr. Tozzo's policy and in N.J.S.A. 17:28-1.1(e)(2)(c) merely because it was owned by the United States. Universal Underwriters is therefore obligated to submit Mr. Tozzo's claim to arbitration, and the pendency of the personal injury action in federal court does not entitle Universal Underwriters to defer payment of any arbitration award until that action has been resolved.
The case is remanded to the Law Division for further proceedings consistent with this opinion.
NOTES
[1] N.J.S.A. 17:28-1.1e(2)(b) defines "uninsured motor vehicle" to include "a motor vehicle with respect to the ownership, maintenance, or use of which there is bodily injury liability insurance in existence but the liability insurer denies coverage...." (Emphasis added.) See Travelers Indemnity Co. v. Mongiovi, 135 N.J. Super. 452, 343 A.2d 750 (App.Div. 1975) (if the tortfeasor's liability insurer denies coverage, the tortfeasor's car is an "uninsured motor vehicle" and the victim is entitled to payment under her UM coverage "without [the liability insurer's] right to disclaim having first been adjudicated"). In the present case, we analogize the government to the tortfeasor's liability insurer and its denial of vicarious responsibility to the liability insurer's denial of coverage.