624 A.2d 625

ELEANOR SCHECHTER, PLAINTIFF–RESPONDENT,
v. SELECTIVE INSURANCE COMPANY OF
AMERICA, DEFENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued April 26, 1993—Decided May 13, 1993.

Before Judges COLEMAN, J.H. and CONLEY.

*Robert A. McLarty, Jr.,* argued the cause for appellant (*Carson & Astorino,* attorneys; *Mr. McLarty* on the brief).

*Brenda M. Mears* argued the cause for respondent (*Ferrara & Waldman,* attorneys; *Ms. Mears* on the brief).

The opinion of the court was delivered by

COLEMAN, J.H., P.J.A.D.

On December 5, 1987, Donald Brookins drove a rented car into the rear of a vehicle operated by plaintiff causing plaintiff to be injured severely. Brookins was arrested for driving while under the influence. The motor vehicle operated by Brookins had been rented by Alisa Reeves from Hertz–Rent–A–Car (Hertz) who apparently gave permission to Brookins to operate the vehicle. When plaintiff submitted a personal injury claim to Hertz as a self-insured, it denied the claim stating that Brookins was an unauthorized operator.

Thereafter, plaintiff inquired of Allstate Insurance Company (Allstate), which insured Reeves, whether it intended to provide coverage for the accident. Allstate informed plaintiff that it would not. Plaintiff also submitted to her insurer, defendant Selective Insurance Company of America (Selective), a notice of claim pursuant to the uninsured motorist clause of her insurance policy. Selective informed plaintiff that it would not "voluntarily honor your claim."

Plaintiff instituted the present action seeking an order compelling Selective to provide coverage under the uninsured motorist provision of her policy. Plaintiff moved for summary judgment which was granted. Judge Parrillo ordered Selective to submit plaintiff's uninsured motorist claim to arbitration.

Defendant now contends that the judge failed to recognize a distinction between a denial of coverage and a denial of responsibility. Defendant contends that Hertz denied liability but did not deny coverage. In a letter dated December 28, 1987, Hertz stated the following to plaintiff:

Please be advised that the preliminary investigation has shown that our vehicle was being operated by an unauthorized driver by the name of Donald Brookins.

> Because the Hertz vehicle was operated in direct violation of the terms and conditions of our rental contract, we must deny your claims for bodily injury and/or property damage associated with this 12/5/87 accident, which took place in Philadelphia, Pennsylvania at 16th and Vine Streets.
>
> If you have collision coverage on your vehicle, I would suggest that you submit a claim for your property damage to your auto carrier for payment.

Based on the foregoing letter, we are entirely satisfied that Hertz denied coverage based on its assertion that Brookins was an unauthorized driver. Liability for the accident was predicated upon Brookins striking plaintiff from the rear while he operated the rented car under the influence and while driving far in excess of the speed limit. Hertz did not contend that the described conduct created no liability. Rather, it took the position that there was no coverage for the accident because Brookins was not an authorized driver.[1] In this case, the difference between denying responsibility and denying coverage is only a matter of semantics. *See Brookins v. Murray*, 131 *N.J.* 141, 154–155, 619 *A.*2d 583 (1993).

This case is analogous to an operator of a motor vehicle without permission of the owner, such as the operator of a stolen vehicle, who becomes involved in an accident and injures another person. Even though there is a liability insurance policy in existence, the insurer denies coverage under *N.J.S.A.* 17:28–1.1e(2)(b). In such circumstances, the uninsured motorist coverage is available. *See Tozzo v. Universal Underwriters*, 261 *N.J.Super.* 586, 590–592, 619 *A.*2d 639 (App.Div.1993); *Travelers Indemn. Co. v. Mongiovi*, 135 *N.J.Super.* 452, 459, 343 *A.*2d 750 (App.Div.1975).

We also find unpersuasive defendant's contention that since Hertz was self-insured, its vehicle cannot be an "uninsured motor vehicle" under *N.J.S.A.* 17:28–1.1e(2)(c). In *Tozzo* we interpreted subsection e(2)(c) to exclude an exempt motor vehicle from the

---

[1] We do not reach the issue whether the denial of coverage was proper. If the rental contract was made in New Jersey, New Jersey law may determine its validity. *State Farm Mut. Auto. Ins. Co. v. Simmons' Estate*, 84 *N.J.* 28, 34–37, 417 *A.*2d 488 (1980). New Jersey's initial permission rule may be applicable. *Matits v. Nationwide Mut. Ins. Co.*, 33 *N.J.* 488, 496–97, 166 *A.*2d 345 (1960).

category of an "uninsured motor vehicle" *only* when the owner of that exempt motor vehicle—the federal government in *Tozzo* and here Hertz as a self-insurer—"has not denied that it would be vicariously liable for damages which have resulted from the driver's tort." *Tozzo v. Universal Underwriters, supra,* 261 *N.J.Super.* at 591, 619 *A.*2d 639. We extend the *Tozzo* rationale and hold that a self-insured motor vehicle becomes an uninsured motor vehicle within the contemplation of *N.J.S.A.* 17:28–1.1e(2) when the self-insurer denies there is coverage for a particular accident. To hold otherwise would contradict the legislature's purpose to treat insurance companies and self-insurers alike. *See Transport of New Jersey v. Watler,* 79 *N.J.* 400, 400 *A.*2d 61 (1979); *Goodwin v. Rutgers Cas. Ins. Co.,* 223 *N.J.Super.* 195, 198–199, 538 *A.*2d 425 (App.Div.1988); *Allstate Ins. Co. v. Altman,* 200 *N.J.Super.* 269, 273, 491 *A.*2d 59 (Ch.Div.1984).

 We also reject defendant's contention that plaintiff should not be permitted to seek payment under the uninsured motorist provision of her insurance policy without first concluding her claim against Brookins. This approach was rejected in *Travelers Indemn. Co. v. Mongiovi, supra,* 135 *N.J.Super.* at 458–459, 343 *A.*2d 750. Defendant's argument was rejected more recently in *Parks v. Colonial Penn Ins. Co.,* 98 *N.J.* 42, 49–50, 484 *A.*2d 4 (1984). There, the Supreme Court observed that "we applaud the aim of such a 'one-stop' proceeding, [b]ut the desired goal is elusive, and Colonial Penn makes no suggestion as to how to implement a single, all-encompassing proceeding in the instant context any more than did the dissenting judge in *Mongiovi.*" *Id.* at 49–50, 484 *A.*2d 4 (citations omitted). Similarly, defendant does not present any suggestion as to how to implement a single proceeding.

Additionally, *Parks* recognized "that the *Mongiovi* holding represents one efficient way of getting compensation into the hands of an insured quickly, leaving it to the disputing carriers later to litigate the issue as to which of them must ultimately pay." *Id.* at 50, 484 *A.*2d 4. *Cogdell v. Hospital Center at Orange,* 116 *N.J.* 7,

560 *A*.2d 1169 (1989), does not require a different result where, as here, there is good cause to justify non-joinder of parties. *Id.* at 27, 560 *A*.2d 1169. Here, defendant was free to have joined Hertz as a party. It chose instead, to rely on its right of subrogation upon payment of plaintiff's damages if it is not successful in this appeal.

Summary judgment in favor of plaintiff is affirmed.