PAULINA FERNANDEZ, JOSE FERNANDEZ AND EUGENIO BE-
ROVIDES, PLAINTIFFS-RESPONDENTS, v. SELECTED RISKS
INSURANCE COMPANY, DEFENDANT-APPELLANT.

Argued October 22, 1979—Decided March 18, 1980.

*Douglas S. Brierley* argued the cause for the appellant (*Schenck, Price, Smith* and *King*, attorneys).

*Bruce R. Fadem* argued the cause for the respondents (*Fadem* and *Liberman*, attorneys).

The opinion of the Court was delivered by

HANDLER, J.

This case raises once again the validity of an owned-but-uninsured exclusion clause contained in the endorsement for uninsured motorist (UM) coverage provided in an automobile insurance policy written in this State. The exclusion clause is sought to be applied to deny coverage to the named insureds, who were riding in an uninsured vehicle when injured, on the grounds that the insureds were not then domiciled in New Jersey and that the accident giving rise to their claim occurred outside of this State.

The facts are not in dispute. In March 1974 Jose Fernandez, one of the plaintiffs, obtained an automobile liability insurance policy from Selected Risks Insurance Company (hereinafter "Selected"). Fernandez at the time resided in New Jersey and the one-year policy covered his two automobiles which were garaged at his residence. The policy included an uninsured motorist endorsement as required by *N.J.S.A.* 17:28–1.1.

After the policy had been issued, Fernandez and his wife, Paulina, moved to Atlanta, Georgia. There, Eugenio Berovides, Paulina's brother, joined the Fernandez household. On February 19, 1975, while Berovides was driving his own automobile in Georgia with Paulina as a passenger, an uninsured vehicle struck his car. Berovides' vehicle was also uninsured at the time of the accident. Berovides and Paulina suffered injuries for which both they and Jose sought compensation from Selected under the uninsured motorist coverage of Jose Fernandez's policy. Selected disclaimed coverage on the basis of the owned-but-uninsured exclusion clause in the agreement.

Plaintiffs filed an action in Superior Court, Chancery Division for a declaratory judgment seeking confirmation that coverage existed and for an order directing defendant to submit the dispute to arbitration. The trial court, and subsequently the Appellate Division, ruled that the owned-but-uninsured exclusion was invalid as a violation of the intendment of *N.J.S.A.* 17:28–1.1, which provides for mandatory coverage of accidents involving uninsured motor vehicles. We granted certification, 79 *N.J.* 488 (1979), to review that determination and now affirm.

Statutes mandate the inclusion of uninsured motorist protection in insurance policies written in this State. *N.J.S.A.* 39:6A–14 provides:

> Every owner or registrant of an automobile registered or principally garaged in this State shall maintain uninsured motorist coverage as provided in P.L. 1968, c. 385 (C. 17:28–1.1).

*N.J.S.A.* 17:28–1.1, which is specifically referred to in *N.J.S.A.* 39:6A–14, states:

> No automobile liability policy or renewal of such policy, of insurance insuring against loss resulting from liability imposed by law for bodily injury or death, sustained by any person arising out of the ownership, maintenance or use of a motor vehicle shall be issued in this State with respect to any motor vehicle registered or principally garaged in this State unless it includes coverage, in [specified] limits for bodily injury or death . . . .. All such automobile liability policies shall also include coverage for the payment of all or part of the sums which persons insured thereunder shall be legally entitled to recover as damages from owners or operators of uninsured automobiles, other than hit and run automobiles, because of injury to or destruction to the personal property of such insured with a limit in the aggregate for all insureds involved in any one accident of $5,000.00, and subject, for each insured, to an exclusion of the first $100.00 of such damages.

The liability insurance contract in this case defined the insured as "the named insured and any designated insured and, while resident of the same household, the spouse and relatives of either." Defendant Selected has conceded that Paulina Fernandez and Eugenio Berovides were both insureds under the policy. The insurance contract also contained an exclusion provision with respect to any owned-but-uninsured vehicles of the insured. The enforceability of that clause forms the crux of this appeal.

The exclusionary clause here provides that the insurance protection does not apply "to bodily injury to an insured while occupying a highway vehicle (other than an insured highway vehicle) owned by the named insured . . . or any relative resident in the same household as the named or designated insured. . . ." Selected contends that since the Berovides vehicle was itself not insured on this policy, notwithstanding the status of Paulina and Berovides as individual insureds under the insurance contract, there was no coverage for their personal injuries under this exclusion clause.

In *Beek v. Ohio Cas. Ins. Co.*, 73 *N.J.* 185 (1977), this Court, in affirming *per curiam* the Appellate Division, 135 *N.J.Super.* 1

(App.Div.1975), struck down an owned-but-uninsured exclusion provision and permitted an insured automobile owner to collect from his insurer for injuries suffered in a collision with an uninsured vehicle while the insured was riding a motorcycle which was not listed as an insured vehicle on his insurance policy. Our holding in *Beek* controls this case.

In *Beek* the Court ruled that denial of coverage to a named insured for collisions involving his vehicle and other uninsured vehicles on the ground that the insured's vehicle was not listed on the policy is impermissible as contrary to the statutory intent and purpose of *N.J.S.A.* 17:28–1.1. *Beek v. Ohio Cas. Ins. Co.,* *supra,* 135 *N.J.Super.* at 5. That thesis must be reiterated here.

*N.J.S.A.* 17:28–1.1 serves two important functions, namely, to ease the financial burden on the Unsatisfied Claim and Judgment Fund and to provide insured motorists with protection from uninsured, financially irresponsible motorists. *Gorton v. Reliance Ins. Co.,* 77 *N.J.* 563, 571 (1978); *Motor Club of America Ins. Co. v. Phillips,* 66 *N.J.* 277, 292 (1974). Selected has drafted an insurance policy which by its terms provides coverage for members of the named insured's household. It has conceded that the claimants here all qualify as insureds under the terms of its insurance contract. Defendant's attempt to restrict the scope of its liability under the insurance contract, which it has made available to its insureds, weakens the statutory objective of encouraging full protection against uninsured and financially irresponsible motorists. Its attempted evasion of its contractual liability is therefore repugnant to the intent of the Legislature. As the Appellate Division in this case aptly observed, the statute "specifically and unambiguously requires an insurer to provide coverage for such sums . . . which the insured would be able to recover from the operator of an uninsured automobile whether the insured was walking, standing, running, riding a motorcycle or occupying an uninsured motor vehicle." *Fernandez v. Selected Risks Ins. Co.,* 163 *N.J.*

*Super.* 270, 275 (App.Div.1978). Where coverage has been accorded to insureds by the insurance contract under the UM endorsement, the owned-but-uninsured exclusion cannot be invoked to avoid payment. *Id.* at 274–275.

■ Selected asserts that a refusal to enforce the owned-but-uninsured exclusion would have a detrimental effect upon the statutory objectives. It is suggested that failure to enforce the owned-but-uninsured exclusion would encourage motorists to refrain from purchasing automobile liability insurance and that such a result would in itself be contrary to the Legislature's intent to impel and encourage drivers to obtain automobile insurance. This argument is based, in part, however, on the assumption that UM coverage, like collision insurance, is linked to the covered vehicle rather than the injured person. *N.J.S.A.* 17:28–1.1 literally requires coverage "for payment . . . of the sums which the *insured* . . . shall be legally entitled to recover as damages from the operator or owner of an uninsured automobile." (Emphasis added). The statute contains no language requiring that the insured's *vehicle* itself be insured or that the insured have any special relationship with the vehicle that he is operating or in which he is a passenger. All that *N.J.S.A.* 17:28–1.1 demands is that the insured demonstrate that he has sustained injuries which were caused by an uninsured automobile. *Motor Club of America Ins. Co. v. Phillips, supra,* though dealing with an excess-escape clause rather than, an owned-but-uninsured clause, posited the rule that the statute should be read according to its strict terms to assure adequate indemnification of innocent automobile accident victims. *Motor Club of America Ins. Co. v. Phillips, supra,* 66 *N.J.* at 292–293. We are satisfied the Legislature has adopted the view that the UM statute is designed to grant protection to persons in order to "subserve the socially desirable policy of adequate indemnification of innocent automobile accident victims" and it should be construed and applied to effectuate this policy. *Id.* at 292.

This position is consistent with the bulk of persuasive authority that the purpose and effect of state statutes mandating

uninsured motorist insurance coverage are to protect *persons* rather than vehicles. This is particularly evident among jurisdictions whose statutes specifically define the class of persons who comprise "insureds" under policies of insurance. Policy exclusions which attempt to restrict this statutory class violate the expressed purposes of such legislation. *E. g., Nygaard v. State Farm Mut. Auto. Ins. Co.,* 301 *Minn.* 10, 221 *N.W.*2d 151 (Sup.Ct.1974); *Lowery v. State Farm Mut. Auto. Ins. Co.,* 285 *So.*2d 767 (Miss.Sup.Ct.1974); *Hogan v. Home Ins. Co.,* 260 *S.C.* 157, 194 *S.E.*2d 890 (Sup.Ct.1973); *Allstate Ins. Co. v. Meeks,* 207 *Va.* 897, 153 *S.E.*2d 222 (Sup.Ct.1967); *Bell v. State Farm Mut. Auto. Ins. Co., W.Va.,* 207 *S.E.*2d 147 (Sup.Ct.1974).

Even without a statutory definition of the class of insureds under a UM policy, courts in many states have struck down the owned-but-uninsured exclusion on the ground that both public policy and the general statutory language mandate coverage. *State Farm Auto. Ins. Co. v. Reaves,* 292 *Ala.* 218, 223–224, 292 *So.*2d 95, 99–100 (Sup.Ct.1974); *Kau v. State Farm Mut. Auto. Ins. Co.,* 58 *Hawaii* 49, 51, 564 *P.*2d 443, 444 (Sup.Ct.1977); *Doxtater v. State Farm Mut. Auto. Ins. Co.,* 8 *Ill.App.*3d 547, 553, 290 *N.E.*2d 284, 288 (App.Ct.1972); *State Farm Mut. Auto. Ins. Co. v. Robertson,* 156 *Ind.App.* 149, 152–154, 295 *N.E.*2d 626, 628–629 (Ct.App.1973); *Forrester v. State Farm Mut. Auto. Ins. Co.,* 213 *Kan.* 442, 451–452, 517 *P.*2d 173, 181 (Sup.Ct.1973), mod. on other grounds, 213 *Kan.* 635, 518 *P.*2d 548 (Sup.Ct.1974); *State Farm Mut. Auto. Ins. Co. v. Hinkel,* 87 *Nev.* 478, 484, 488 *P.*2d 1151, 1154 (Sup.Ct.1971); *Chavez v. State Farm Mut. Auto. Ins. Co.,* 87 *N.M.* 327, 329–330, 533 *P.*2d 100, 102–103 (Sup.Ct. 1975); *Grange Mut. Cas. Co. v. Volkmann,* 54 *Ohio St.*2d 58, 62–63, 374 *N.E.*2d 1258, 1260–1261 (Sup.Ct.1978); *Cothren v. Emcasco Ins. Co.,* 555 *P.*2d 1037, 1040 (Okla.Sup.Ct.1976); *Touchette v. Northwestern Mut. Ins. Co.,* 80 *Wash.*2d 327, 333–335, 494 *P.*2d 479, 482–484 (Sup.Ct.1972). These courts have recog-

nized that statutory UM protection was intended for the benefit of all persons designated as insureds by insurance companies under their policies and was not intended to protect only those named insureds if and when they operate an expressly insured vehicle. *E. g., State Farm Auto. Ins. Co. v. Reaves, supra,* 292 *Ala.* at 224, 292 *So.*2d at 100.

Selected's additional contention in this case is that the statute was not intended to benefit named insureds who in effect become out-of-state claimants involved in out-of-state accidents. According to the defendant, "[t]here is neither logic nor justice in forcing the insured motorists of New Jersey to subsidize" a recovery "for out-of-state residents injured on a highway of a sister state while operating or riding in an uninsured car." This argument is unpersuasive. The Appellate Division has declared that the policy of *N.J.S.A.* 17:28–1.1 was not only to protect the fund, but also "to provide [greater] protection for the victims of automobile accidents caused by the negligence of uninsured motorists." 163 *N.J.Super.* at 274. That court found that plaintiffs' domicile was an irrelevant circumstance which did "not diminish their right to assert a claim against their own insurer based upon the uninsured motorist coverage mandated by the statute." *Id.* at 275.

The circumstances of domicile and the place of the accident are no more effective as a definitional restriction upon an "insured" under the policy as written than is the requirement that the insured be in an insured vehicle at the time of the accident. The Legislature has not evinced an intent to limit the application of the statute in the manner which the insurance company suggests; nor does the insurance contract itself purport to limit its coverage on this basis. While the statute mandates uninsured motorist coverage if the vehicle is registered or principally garaged in this State, it also provides that a policy "shall be issued" to cover accidents which occur "anywhere within the United States or Canada." *N.J.S.A.* 17:28–1.1. Certainly the Legislature must have envisioned that during the

life of the policy some insureds might move and no longer remain New Jersey residents at the time of an accident. As noted in *Motor Club of America Ins. Co. v. Phillips*, the "Legislature must be deemed to have been cognizant that" an insured would have been operating an uninsured vehicle in another jurisdiction; if coverage under those circumstances had "not been intended, we would expect to find its negation expressed in the statute." 66 *N.J.* at 292. Furthermore, we are not called upon in this case to consider, nor do we voice our opinion upon the question of whether the insurance company could have limited its policy definition of insured to exclude persons who joined the named insured's household in another jurisdiction.

■ The Legislature was in a position to limit the statute in the manner urged by the insurance company had it intended to do so. The fact is that there is no requirement in the statute either that the insured as defined in the insurance policy remain domiciled or that the vehicle remain registered or garaged in New Jersey in order to retain the coverage provided by the policy under the statute. Since the insurance policy itself contains no such limiting requirements, the insurer cannot unilaterally alter the terms of its insurance contract simply because it appears sensible, logical, or convenient for it to do so.

Affirmed.

*For affirmance* —Chief Justice WILENTZ and Justices SULLIVAN, PASHMAN, CLIFFORD, SCHREIBER and HANDLER—6.

*For reversal* —None.