238 N.J. Super. 1 (1989)
568 A.2d 1193
PRUDENTIAL PROPERTY & CASUALTY INSURANCE COMPANY, PLAINTIFF-RESPONDENT,
v.
MICHAEL JOHNSON AND DOROTHY JOHNSON, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Submitted September 26, 1989.
Decided October 11, 1989.
*2 Before Judges MICHELS, DEIGHAN and BROCHIN.
*3 Riley & Di Camillo, attorneys for appellant Michael Johnson (Robert L. Gambell, of counsel and on the brief).
Marshall, Dennehey, Warner, Coleman & Goggin, attorneys for respondent (David S. Florig, of counsel and on the brief).
No brief was filed on behalf of appellant Dorothy Johnson.
The opinion of the court was delivered by MICHELS, P.J.A.D.
Defendants Michael Johnson (Johnson) and Dorothy Johnson appeal from a judgment of the Law Division that declared that plaintiff Prudential Property & Casualty Co. (Prudential) was not obligated to pay Johnson underinsured motorist benefits under Prudential's family automobile policy.
The facts giving rise to this appeal are not in dispute. Johnson was travelling on Route 42 in the Borough of Bellmawr, New Jersey when he came upon an accident involving an automobile driven by Jeffrey Adams (Adams) and owned by Robert Atkins (Atkins). Adams apparently lost control of the automobile which ran head-on into the center median barrier, causing severe personal injury to the passengers, one of whom eventually died. When Johnson saw several people trying to extricate the injured parties from the Adams' automobile, he parked his automobile approximately 50 yards south of the accident and returned to the Adams' automobile to help the victims. While attempting to aid the accident victims, Johnson was struck by another motor vehicle driven by Scott Wilkie (Wilkie) and thrown approximately 75 feet in the air. As a result, Johnson suffered severe personal injuries.
Johnson sued Wilkie, Adams and Atkins to recover damages for the personal injuries he sustained in that accident. The claims against these tortfeasors were settled by Wilkie's insurance carrier paying Johnson the full policy limits of $100,000 and Atkins' insurance carrier paying Johnson $8,500. The Atkins' policy provided coverage in the amount of $15,000 for *4 one person and $30,000 for more than one person. In addition to the $8,500 paid to Johnson, Atkins' insurance carrier paid out the full amount of coverage available under the policy by paying $15,000 to the representative of the victim who had been killed in the accident and $6,500 to the other person in the accident.
Johnson claimed that he had sustained damages in the amount of $200,000, and made demand upon Prudential to arbitrate the claim under the latter's family automobile policy. Johnson argued that because Atkins' automobile was underinsured, he was entitled to coverage under Prudential's Underinsured Motorist (UIM) policy. Prudential denied that it was under any obligation to pay Johnson underinsured motorist benefits. Prudential instituted this declaratory judgment action, claiming that because Johnson had already recovered an amount in excess of his UIM limits of $100,000, he was not entitled to collect UIM benefits from it. Following argument on the cross-motions for summary judgment, Judge Davis in the Law Division held that under N.J.S.A. 17:28-1.1(e), Johnson's recovery of his UIM benefits under Prudential's policy was statutorily barred to the extent that he had recovered from the tortfeasors' insurance carriers. We agree and affirm.
In 1983, the Legislature amended the uninsured motorist coverage statute (UM) to include optional underinsured motorist coverage (UIM), as well. N.J.S.A. 17:28-1.1. The statute describes the UIM coverage as follows:
For the purpose of this section, (1) "underinsured motorist coverage" means insurance for damages because of bodily injury and property damage resulting from an accident arising out of the ownership, maintenance or use of an underinsured motor vehicle.... A motor vehicle is underinsured when the sum of the limits of liability under all bodily injury and property damage liability bonds and insurance policies available to a person against whom recovery is sought for bodily injury or property damage is, at the time of the accident, less than the applicable limits for underinsured motorist coverage afforded under the motor vehicle insurance policy held by the person seeking that recovery. A motor vehicle shall not be considered an underinsured motor vehicle under this section unless the limits of all bodily injury liability insurance or bonds applicable at the time of the accident have been exhausted by payment of *5 settlements or judgments. The limits of underinsured motorist coverage available to an injured person shall be reduced by the amount he has recovered under all bodily injury liability insurance or bonds. [N.J.S.A. 17:28-1.1(e) (emphasis added).]
Under the explicit and unambiguous language of this statute, the insureds' underinsured motorist coverage is to be reduced by the amount that he or she has recovered under all bodily injury insurance or bonds. This statute compels accumulation of all liability insurance recovery against the insured's own UIM policy limits of recovery. Here, Johnson had $100,000 UIM coverage under his Prudential policy. He settled his personal injury claims against Wilkie and Atkins for a total of $108,500. Since Johnson received an amount greater than his UIM limits, he cannot collect UIM benefits from Prudential. Thus, the decision reached by the trial court in this matter was legally correct and consistent with our construction of N.J.S.A. 17:28-1.1(e) in such cases as Nikiper v. Motor Club of America Cos., 232 N.J. Super. 393, 398-399, 557 A.2d 332 (App.Div. 1989); Tyler v. New Jersey Auto. Full Ins. Underwriting Ass'n, 228 N.J. Super. 463, 465-467, 550 A.2d 168 (App.Div. 1988) and Longworth v. Van Houten, 223 N.J. Super. 174, 176-178, 538 A.2d 414 (App.Div. 1988).
For example, in Nikiper v. Motor Club of America Cos., supra, we considered UIM coverage in the context of multiple tortfeasors. There, the plaintiff sought to recover underinsured motorist benefits after settling liability claims against tortfeasors for their $100,000 and $50,000 policy limits. We denied the plaintiff's UIM claim stating that the statute requires all recoveries from liability insurance to be credited against the UIM limits of coverage and held that the plaintiff had no underinsured motorist coverage claim where the amount paid by the insurers for multiple tortfeasors equals or exceeds the amount of underinsured motorist coverage. In reaching this result, we explained that:
A motor vehicle is underinsured when the sum of the limits of liability under all bodily injury and property damage liability bonds and insurance policies available to a person against whom a recovery is sought for bodily injury or *6 property damage is, at the time of the accident, less than the applicable limits for underinsured motorist coverage afforded under the motor vehicle insurance policy held by the person seeking that recovery.
....
... The limits of underinsured motorist coverage available to an injured person shall be reduced by the amount he has recovered under all bodily injury liability insurance or bonds. [N.J.S.A. 17:28-1.1e; emphasis supplied.] [Id., 232 N.J. Super. at 398, 557 A.2d 332].
Because the plaintiff recovered $150,000 from the two tortfeasors' insurance companies, we concluded that the limits of MCA's UIM coverage (100,000) were exhausted by that credit. In sum, we stated:
Plaintiff's UIM recovery is controlled contractually by the amount of the UIM policy limits purchased and available to her, not fortuitously by the number of tortfeasors involved in the accident. Of course, if higher UIM limits had been purchased and available on the Nikiper vehicle, the plaintiff's recovery could have been greater, but we find nothing in the statutory language to suggest that the limit of the UIM coverage should be separately and individually available to a claimant as to each distinct joint tortfeasor. The language requires the opposite result. [Id., 232 N.J. Super. at 398-399, 557 A.2d 332].
We also rejected the plaintiff's argument that the statute is ambiguous. Indeed, we held that "the language is clear and must be applied as written," Id. (quoting Ingraham v. Travelers Cos., 217 N.J. Super. 126, 128, 524 A.2d 1319 (App.Div. 1987), aff'd o.b. 110 N.J. 67, 539 A.2d 733 (1988)), emphasizing that:
The statute allows no room for "liberal construction" in this circumstance. Ibid. The fact that the result may well differ if one or more of the tortfeasors were uninsured (N.J.S.A. 17:28-1.1a), rather than underinsured, cannot, in itself generate statutory ambiguity in subsection (e) where the language of that subsection is otherwise clear as to reduction of the UIM claim by all amounts recovered under liability insurance. The UIM coverage feature operates as liability coverage on each uninsured tortfeasor; the UIM coverage operates as a first-party excess coverage as to an underinsured claim. The purpose of the UIM feature is to provide as much coverage as an insured is willing to purchase, up to the available limits, against the risk of an underinsured claim. The purchaser decides the amount of the coverage; the number of tortfeasors does not. [Id.]
Finally, we also rejected the plaintiff's argument that the reference to "all bodily injury liability insurance or bonds" in the fifth sentence of subsection (e) is limited to the coverage of each separate tortfeasor against whom recovery is sought, pointing out that:

*7 Indeed, to read the fifth sentence of subsection (e) the way plaintiff desires would be to dilute the meaning of the word "all" as used in that sentence. To rewrite the fifth sentence to, in effect, add the phrase "from each individual tortfeasor" would be to reconstruct the statute, not to interpret it as written. [Id.]
As in Nikiper, Johnson now argues that "all" is limited to the coverage of each separate tortfeasor against whom recovery is sought. Johnson contends that only the Atkins' automobile was underinsured, and therefore, the restriction should apply as to that automobile only. However, we rejected a similar argument in Nikiper, stating that such a result would warrant the court to reconstruct the statute instead of interpreting it as written. Thus, we rejected the argument that the word "all" applies to all of the amounts recovered under the liability insurance or bonds of each separate tortfeasor, and not to the combined liability insurance or bonds of all tortfeasors.
Johnson also suggests that we should interpret the UIM statute and the UM statute similarly. He bases his argument on earlier cases that dealt only with UM coverage. See, i.e., Fernandez v. Selected Risks Ins. Co., 82 N.J. 236, 412 A.2d 755 (1980); Ciecka v. Transamerica Ins. Group, 81 N.J. 421, 409 A.2d 272 (1979). Johnson's reliance on these cases, however, is clearly misplaced. The UM coverage statute does not require an offset for payments made under liability coverage, whereas the UIM statute compels such an offset. See Longworth v. Van Houten, supra.
Finally, Johnson claims that he has "prima facie" recourse to all applicable policies. He does, in fact, have recourse to Wilkie's $100,000 liability policy, Atkins' $30,000 liability policy, and his own $100,000 UIM policy. However, because Johnson's settlement with Wilkie and Atkins  the two tortfeasors  provided him with more than the UIM limits of his Prudential policy, he is not entitled to UIM benefits under that policy. Consequently, although Johnson had recourse to his *8 UIM benefits, his recovery is statutorily barred to the extent that he has recovered from other liability insurance policies.
Accordingly, the judgment under review is affirmed.