688 A.2d 683

SHARON CORCIONE, ET AL., PLAINTIFFS,
v. KEYSTONE INSURANCE COMPANY
OF NEW JERSEY, DEFENDANTS.

Superior Court of New Jersey
Law Division (Civil)
Union County

Decided November 8, 1996.

*Bradford Bury* (*Bury & Associates*), for plaintiff.

*Murray A. Klayman* (*Ferdinand & Klayman*), for defendant.

## *OPINION*

MENZA, J.S.C.

The Defendant, Keystone Insurance Company, moves for summary judgment in this declaratory judgment action contending that its insurance policy does not provide coverage to the plaintiff.

This case of first impression involves the question of whether a next of kin may bring a wrongful death action under the underinsured motorist provision of a decedent's automobile insurance policy.

The facts are these:

The Plaintiff, Sharon Corcione, is the executrix and next of kin of the decedent Georgette Fish, who died after being struck, while a pedestrian, by an automobile driven by one Jason Auletto. Auletto's automobile liability policy was in the amount of $15,000, a sum which was paid to the Fish estate. At the time of the accident, Fish owned an automobile which was insured with the defendant, Keystone Insurance Co., and contained an underinsured motorist provision which provided coverage in the amount of $250,000. Sharon Corcione, as executrix of the Fish estate, has brought a wrongful death action against the defendant, Keystone Insurance Co., under the underinsured motorist provision of the policy.

The Keystone policy defines "insured" as follows:

1) You or any "family member".

2) Any other "person occupying your covered auto".

3) Any person for damages that person is entitled to recover because of "bodily injury" to which this coverage applies sustained by a person described in 1 or 2 above.

It defines "bodily injury" as follows:

Bodily injury means bodily harm, sickness or disease, including death that results.

It is the defendant's contention that the definition of insured under the policy does not permit a cause of action for wrongful death brought by an insured's next of kin, and that absent such a contractual provision, there is nothing in the law that affords said coverage.

Plaintiff responds that this action is permitted under the provisions of the Keystone policy as well as under the wrongful death statute, *N.J.S.A.* 2A:31-1 and the uninsured and the underinsured motorists statute, *N.J.S.A.* 17:28-1.1.

### *The Policy Provisions*

 Defendant contends that the definition of an insured contained in the policy permits underinsured claims to be made only by an insured, as defined in sections 1 and 2, for his pain, suffering and disability, or by an administrator or executor of an insured for the pain, suffering and disability the insured suffered prior to death (survival action). Thus, defendant contends that the policy does not permit a claim for pecuniary losses suffered by the next of kin as a result of the insured's death.

There is no doubt that the definition of insured in section 3 permits a survival action to be brought for the pain and suffering and disability suffered by a decedent. However, it also permits a wrongful death action.

The language of the policy specifically permits *"any person"* to bring an action for damages that "that person is entitled to recover because of bodily injury . . .".

"Bodily injury" is defined in the policy to mean "bodily harm, sickness or disease, including death that results". This definition clearly recognizes that death may be a consequence of an accident and as such is compensable. A survival action is brought for "bodily harm" that results from an accident. Only a wrongful death action can be brought for death that results from an accident. Clearly, if the UIM coverage was intended to be limited to pain and suffering—survival actions—then the definition of "bodily injury" would not have included the words "including death that results".

Similarly, if the policy intended to limit claims to the policyholder, it would have said so instead of using the phrase "any person" and the phrase "that person is entitled to recover because of bodily injury". The language of the Keystone policy therefore permits the next of kin of an insured to bring a wrongful death action.

 Aside from the policy provisions, this court is also of the opinion that a wrongful death action may be brought against an

insurance carrier under the wrongful death statute and under the underinsured motorist statute.

## The Wrongful Death Statute

The wrongful death statute provides:

When the death of a person is caused by a wrongful act, neglect or default, such as would, *if death had not ensued, have entitled the person injured to maintain an action for damages resulting from the injury*, the person who would have been liable in damages for the injury if death had not ensued shall be liable in an action for damages, notwithstanding the death of the person injured....

[*N.J.S.A.* 2A:31–1.] [Emphasis supplied.]

The plain language of this Statute gives a wrongful death cause of action to next of kin against another person "who would have been liable in damages ... if death had not ensued". Since the decedent, Fish, would have had a claim against the defendant under the underinsured provision of the policy, had she lived, so also then would the plaintiff, as her next of kin.

## The Underinsured Motorist Statute

In addition to the wrongful death statute, the underinsured motorist statute, *N.J.S.A.* 17:28–1.1, also gives the next of kin a cause of action against an insurance carrier for damages resulting from the wrongful death of an insured.

This court has been unable to locate any reported cases either in New Jersey or elsewhere which have addressed the precise issue of whether a wrongful death claim may be made under the underinsured motorist provision of the decedent's insurance policy.

However, there are a few cases in other jurisdictions and one in New Jersey which have addressed the issue in the context of an uninsured motorist claim.

In *Brummett v. Grange Insurance Association,* 4 *Wash.App.* 979, 485 *P.*2d 88 (1971), the Washington Court of Appeals held that a wrongful death action could be maintained against an insurance company under the uninsured provision of that policy.

The consistent tenor of legal authority we have examined, ... are that uninsured motorist coverage in its standard form includes indemnity to such survivors of deceased victims of uninsured automobiles as are legally entitled to sue for damages under wrongful death statutes—without regard to whether the coverage is provided under compulsion by statute or by voluntary contract.

[*Id.* 485 *P.*2d at 91]

In *Netherlands Insurance Co., v. Moore,* 190 *So.*2d 191 (Fla. App.1966), the court stated:

It has been repeatedly held that the claim by a dependent of an insured motorist is covered by the standard uninsured motorist clause appearing in automobile liability insurance policies for damages suffered by such dependent when the death of the insured is caused by the negligence of an uninsured motorist, despite the fact that the dependent's claim arises by virtue of the death by wrongful act statute.

[*Id.* at 195.]

In *Zeagler v. Commercial Union Insurance Co. of N.Y.,* 166 *So.*2d 616 (Fla.App.1964), the Florida court, commenting on a similar statute, stated:

... the Legislature specifically provided that all automobile liability insurance policies shall include [under the provisions of their coverage] insurance indemnifying the insured for damages arising out of an accident with an uninsured motorist because of "bodily injury, sickness or disease, including death, resulting therefrom; * * *" "... Therefore, it would appear that it was the intention of the Legislature [in requiring insurance companies to provide uninsured motorist coverage] that recovery be had for wrongful death and, in view of the provisions of ... all parties having a right to recover upon a wrongful death were to have a protection under the statute.

[*Id.* at 617.]

In *Satzinger v. Satzinger,* 156 *N.J.Super.* 215, 383 *A.*2d 753 (Ch.Div.1978), the court held that where a wrongful death claim was brought on behalf of the heirs of a deceased child under the underinsured motorist provision of the mother's insurance policy, the proceeds from the settlement of that claim were to be distributed to both the child's father and mother, even though the father was separated from the mother and was not considered an insured under the mother's policy.

In that case the defendant, the child's mother, contended that no distribution of the settlement proceeds should be made to the plaintiff father, because the monies received were the result of her contract with the insurance company. The court held that the

question of who is the insured is irrelevant to the question. It stated:

> The great weight of authority in other jurisdictions supports the proposition that in the case of death of an insured as a consequence of the negligence of an uninsured driver, those parties who are by statute entitled to bring a wrongful death action may recover under the uninsured motorist provision of the decedent's automobile insurance policy. (citations omitted). This court adopts that view and holds that in this State the insurance coverage provided pursuant to *N.J.S.A.* 17:28–1.1. is intended to provide indemnity for damages resulting from an insured's wrongful death caused by an uninsured motorist, payable to whatever person or persons may be entitled to bring an action under the New Jersey Wrongful Death Act, *N.J.S.A.* 2A:31–1 *et seq.* (citations omitted.) Therefore, the monies received by defendant herein do not represent the damages she sustained as an "insured" on account of the injury to her daughter, an "additional insured" under the policy. (citations omitted).

> [*Id.* at 223, 383 *A.*2d 753.]

The purpose and intent of uninsured motorist statutes has been described as follows:

The Supreme Court, in *Fernandez v. Selected Risks Insurance Company,* 82 *N.J.* 236, 412 *A.*2d 755 (1980), commenting on the uninsured, motorists statute, stated.

> We are satisfied the Legislature has adopted the view that the UM statute is designed to grant protection to persons in order to subserve the socially desirable policy of adequate indemnification of innocent automobile accident victims and it should be construed and applied to effectuate this policy.

> [*Id.* at 241, 412 *A.*2d 755.]

In the treatise 79 *A.L.R.*2d 1252, Annotation, "Insurance as to Uninsured Motorists", the author states:

> Designed to further close the gaps inherent in motor vehicle financial responsibility and compulsory insurance legislation, this insurance coverage [uninsured motorists coverage] is intended, within fixed limits, to provide financial recompense to innocent persons who receive injuries, and the dependents of those who are killed, through the wrongful conduct of motorists who, because they are uninsured and not financially responsible, cannot be made to respond in damages.

These expressions of the purpose and intention of uninsured motorist statutes are equally applicable to underinsured motorist statutes, which are also remedial in nature, and thus this court is of the opinion that the views expressed in the above cases should be applied to underinsured claims for wrongful death damages.

It is to be noted that both the wrongful death statute and the underinsured motorist statute permit a wrongful death action to be brought by a next of kin under an uninsured motorist provision of a policy, irrespective of whether such an action is permitted by the insurance contract, and even if the contract specifically prohibits it.

Since both of these statutes are remedial in nature and express a public policy, any attempt to restrict such a wrongful death action is contrary to the purpose and intent of the statute, and, therefore, must be considered nugatory and of no effect. (See *Pasterchick v. Insurance Co. of No. America*, 150 *N.J.Super.* 90, 94, 374 *A.*2d 1243 (App.Div.1977).

The motion for summary judgment is denied.