SUTER, J.A.D., dissenting.
I most respectfully dissent. Section IV of the GEICO policy concerns uninsured motorist (UM) and underinsured motorist (UIM) coverages. It provides coverage to the policy insured as follows:
We will pay damages for bodily injury and property damage caused by an accident which the Insured is legally entitled to recover from the owner or operator of an uninsured motor vehicle or underinsured motor vehicle arising out of the ownership, maintenance or use of that vehicle.
Section IV then includes fourteen exclusions that limit the scope of the coverage. Exclusion five declares that Section IV does not apply
[t]o bodily injury sustained by an insured while occupying a motor vehicle owned by an insured and not described in the Declarations and not covered by the Bodily Injury and Property Damage liability coverages of this policy.
There is nothing "clear or unambiguous" here as the majority asserts. The Policy Index lists Section IV as pertaining to UM
*613 coverage, making no mention of UIM. It is only when Section IV is reviewed that it becomes clear the section addresses both UM and UIM. Section IV alternates between use of the term "insured," which is defined, and "you," which is defined in another section of the policy. It defines the term "insured auto" and then uses the term "motor vehicle" in the exclusions, which is not defined in the policy. This section does not make clear there may be a difference between an insured auto and a motor vehicle for purposes of UM or UIM coverage. The Declarations page does not reference that there are any exclusions from the UM or UIM coverages, requiring the policyholder to read through the policy, discover the exclusions and then interpret them without the aid of fully defined terms.
The Supreme Court has said "[g]enerally speaking, courts construe insurance policies consistent with the objectively reasonable expectations of the insured."
*635 Aubrey v. Harleysville Ins. Cos., 140 N.J. 397, 404, 658 A.2d 1246 (1995). We have said that ambiguities "found in the policy should be construed against the insurer and 'exclusionary clauses should be strictly construed.' " Universal Underwriters Ins. Co. v. New Jersey Mfrs. Ins. Co., 299 N.J. Super. 307, 312, 690 A.2d 1104 (App. Div. 1997). My colleagues agree that when a policy is ambiguous, an insured's reasonable expectation then is considered. Passaic Valley Sewerage Comm'rs v. St. Paul Fire & Marine Ins. Co., 206 N.J. 596, 608, 21 A.3d 1151 (2011).
The reasonable expectation by an insured before this decision was that UIM coverage followed the insured and not the vehicle. Aubrey, 140 N.J. at 403, 658 A.2d 1246 (citing Fernandez v. Selected Risks Ins. Co., 82 N.J. 236, 241, 412 A.2d 755 (1980) ). This is because UIM is:
first-party coverage insuring the policyholder and others who have the status as "insureds" under the policy against the possibility that they will be injured or suffer property loss in an accident caused by a motor vehicle when the liability insurance covering that other vehicle is insufficient to pay their full losses.
[ Universal, 299 N.J. Super. at 320 [690 A.2d 1104] (quoting Craig & Pomeroy, N.J. Auto Ins. Law § 26:1 (1997) ).]
*614 The majority opinion agrees with that proposition and then proceeds to undercut it by agreeing with GEICO that if the vehicle is not listed in the Declarations page, there is no UIM coverage for the owner. According to the majority, therefore, if the car is not covered then the insured is not covered. The Department of Banking and Insurance Auto Insurance Buyers Guide does not reference any such nuanced type of exclusion for UIM.
Underinsured Motorist Coverage pays you if you are in an auto accident caused by a driver who is insured, but who has less coverage than your underinsured motorist coverage. Damages greater than the limits of the other driver's policy are covered by your policy up to the difference between the limits of your underinsured motorist coverage and the other driver's policy limit.
[New Jersey Auto Insurance Buyer's Guide 8 https://www.state.nj.us/dobi/division_consumers/pdf/autoguide02.pdf (last visited December 21, 2018) (emphasis added).]
The Declarations page does not hint at an exclusion either.
The majority attempts to provide examples to prove their point that UIM coverage will continue, after this opinion, to follow the person and not the vehicle. For instance, the majority implies coverage will still apply where the "plaintiff suffered injuries while in a rental car or another vehicle he did not own" or if plaintiff were "struck by a vehicle while walking down the street." We are not tasked with interpreting this policy for factual situations that are not before us, but the exclusion in paragraph six of Section IV should be considered before assuming that coverage will continue to follow the insured. Exclusion six provides that coverage does not apply "[t]o bodily injury sustained by an insured while occupying a motor vehicle not owned by, and furnished for the regular use of the insured when involved in an accident with an underinsured motor vehicle." This seems to exclude a plaintiff from UIM coverage in a vehicle he does not own.
The majority opinion provides that "whether the clause is ambiguous as to the UM benefits has no bearing on whether *636 the clause is ambiguous in regard to UIM benefits." This appears to concede that the policy exclusion in question would be construed as ambiguous if we were dealing with UM coverage, but is "clear and unambiguous" for UIM coverage. It is error to conclude that *615 the very same sentence in an exclusion is clear for one type of coverage and not for another. Respectfully, it is the same policy, the same sentence, and the same ambiguities.
This is not a question of which UIM policy is primary or excess as referenced by the majority in its citation to Royal Insurance Co. v. Rutgers Cas. Ins. Co., 271 N.J. Super. 409, 419-20, 638 A.2d 924 (App. Div. 1994) ; it is a matter of coverage. The question is whether the insured would understand from the Declarations page and policy provisions that UIM coverage was limited. As the Court stated in Kievit v. Loyal Protective Life Ins. Co.,
[w]hen members of the public purchase policies of insurance they are entitled to the broad measure of protection necessary to fulfill their reasonable expectations. They should not be subjected to technical encumbrances or to hidden pitfalls and their policies should be construed liberally in their favor to the end that coverage is afforded "to the full extent that any fair interpretation will allow."
[ 34 N.J. 475, 482, 170 A.2d 22 (1961) (citations omitted).]
I would affirm the trial court's order.