**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0103-22

RAMON TOULSON,

    Plaintiff-Appellant,

v.

JOSEPH HARTMAN and
MICHAEL MARIGLIANO, JR.,

    Defendants,

and

GEICO INDEMNITY COMPANY,[1]

    Defendant-Respondent.

_____

Argued October 4, 2023 – Decided November 21, 2023

Before Judges Currier and Firko.

On appeal from the Superior Court of New Jersey, Law Division, Atlantic County, Docket No. L-2309-21.

_____

[1] Government Employees Insurance Company asserts it was improperly designated in the lawsuit and its proper name is GEICO Indemnity Company (GEICO).

Dominic R. DePamphilis argued the cause for appellant (D'Arcy Johnson Day, attorneys; Richard J. Albuquerque and Dominic R. DePamphilis, on the briefs).

Paul DiGasbarro argued the cause for respondent (Pomeroy, Heller, Ley, DiGasbarro & Noonan, LLC, attorneys; Daniel J. Pomeroy and Karen E. Heller, on the brief).

PER CURIAM

In this matter arising out of a motor vehicle accident, plaintiff appeals from the September 13, 2022 order dismissing her complaint with prejudice. Because plaintiff's total recovery from the applicable tortfeasors' liability policies was greater than the underinsured motorist (UIM) coverage afforded under her policy with GEICO, she was not entitled to collect UIM benefits from GEICO. We affirm.

While stopped in traffic, plaintiff's vehicle was struck simultaneously by two vehicles; the first was operated by defendant Joseph Hartman and owned by defendant Michael Marigliano, Jr. (defendants), and the second vehicle was owned and operated by Giovanni Bufardeci.

GEICO provided motor vehicle insurance to Bufardeci which included bodily injury liability coverage of $15,000 per person. Marigliano had a motor vehicle insurance policy with United Services Automobile Association (USAA)

with bodily injury liability coverage of $300,000 per person and $500,000 per accident. In investigating the accident, GEICO, as Bufardeci's insurance carrier, informed USAA of its conclusion that Hartman and Bufardeci were equally negligent and responsible for the accident and plaintiff's injuries. Plaintiff had a motor vehicle insurance policy with GEICO with UIM coverage of $50,000 per person and $100,000 per accident.

Plaintiff asserted claims for her damages against Bufardeci and defendants. In September 2020, GEICO offered plaintiff its $15,000 bodily injury liability coverage limits to settle her bodily injury claim against Bufardeci. Thereafter, plaintiff sought approval from GEICO to accept the settlement offer as required under Longworth v. Van Houten, 223 N.J. Super. 174, 194-95 (App. Div. 1988).

In an October 30, 2020 letter, GEICO granted plaintiff approval to settle with Bufardeci. GEICO requested plaintiff provide certain documents and advised it would evaluate plaintiff's UIM claim upon its review of the documents. The letter stated that "[g]ranting permission to settle is not intended to imply coverage or waive our right to a full coverage investigation. UIM Coverage, if afforded, will be reduced by the full value of the [tortfeasors'] available liability limits."

A-0103-22

After accepting Bufardeci's settlement offer, plaintiff demanded GEICO pay her the difference between the $15,000 settlement and her $50,000 UIM coverage. GEICO denied the request.

In 2021, plaintiff instituted suit against defendants and GEICO. Plaintiff alleged she was entitled to UIM coverage from GEICO, and its denial of the coverage and refusal to reasonably settle the claim was "unreasonable conduct pursuant to the New Jersey Insurance Fair Conduct Act[2] and bad faith pursuant to New Jersey common law." On May 20, 2022, plaintiff executed a release with defendants for $70,000 in settlement of her bodily injury claims. In total, plaintiff received $85,000 from defendants and Bufardeci.

Plaintiff and GEICO moved for summary judgment. Plaintiff contended she was an underinsured motorist as to Bufardeci because his bodily injury coverage limits were less than plaintiff's UIM coverage with GEICO. She sought $35,000 from GEICO—the difference between the $15,000 settlement with Bufardeci and her UIM limits. She also asserted she relied on GEICO's letter granting her permission to settle with Bufardeci as an implicit acknowledgment that she was entitled to UIM benefits.

---

[2] N.J.S.A. 17:29BB-1 to -3.

A-0103-22

GEICO asserted there was no implication of UIM coverage in its letter granting Longworth approval. In addition, since plaintiff recovered $85,000 in settlement of her claims against the tortfeasors, an amount that exceeded her UIM policy limits, she was not entitled to UIM benefits.

In an order and written statement of reasons issued September 9, 2022,[3] the court granted GEICO summary judgment and denied plaintiff's motion. The court found plaintiff was not entitled to UIM coverage because the total amount she recovered from the tortfeasors was greater than her UIM coverage. The court also found GEICO did not implicitly acknowledge that plaintiff was entitled to coverage under its UIM policy. To the contrary, the court stated that "G[EICO]'s letter specifically stated G[EICO] was not implying coverage."

On appeal, plaintiff renews her arguments, contending the trial court misapplied the law in finding the sum of the tortfeasors' policy limits must be compared with her UIM coverage limits to determine whether she is entitled to UIM benefits. She asserts the liability coverage of each tortfeasor's vehicle should be compared to her UIM coverage, and, therefore she is underinsured as to Bufardeci. Plaintiff further contends there was an issue of fact whether

---

[3] On September 13, 2022, the court issued an amended order dismissing plaintiff's complaint with prejudice.

A-0103-22

GEICO provided an implicit acknowledgment of the availability of UIM coverage in its Longworth approval letter.

Our review of a trial court's grant or denial of a motion for summary judgment is de novo. Samolyk v. Berthe, 251 N.J. 73, 78 (2022) (citing Woytas v. Greenwood Tree Experts, Inc., 237 N.J. 501, 511 (2019)). We "consider whether the competent evidential materials presented, when viewed in the light most favorable to the non-moving party, are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party." Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995). "The court's function is not 'to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial.'" Rios v. Meda Pharm. Inc., 247 N.J. 1, 13 (2021) (quoting Brill, 142 N.J. at 540).

"A trial court's interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference." Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995).

Under N.J.S.A. 17:28-1.1(e)(1),

> A motor vehicle is underinsured when the sum of the limits of liability under all bodily injury and property damage liability bonds and insurance policies available to a person against whom recovery is sought for bodily injury or property damage is, at the time of the accident, less than the applicable limits for underinsured motorist

6

coverage afforded under the motor vehicle insurance policy held by the person seeking that recovery. . . . The limits of underinsured motorists coverage available to an injured person shall be reduced by the amount he has recovered under all bodily injury liability insurance or bonds.

In Nikiper v. Motor Club of America Cos., this court considered the relationship of UIM coverage in a situation where there are multiple tortfeasors. 232 N.J. Super. 393, 398 (App. Div. 1989). There, the plaintiff was involved in a car accident with two tortfeasors. Id. at 395. She had $100,000 of UIM coverage. Ibid. The plaintiff settled with one tortfeasor for its $100,000 bodily injury policy limits and an additional $5,000 from its personal assets. Ibid. She settled her claims with the second tortfeasor for its $50,000 bodily injury policy limits. Ibid. In total, she recovered $155,000. Ibid. The plaintiff asserted that the second tortfeasor was underinsured and she was entitled to recover the difference between the second tortfeasor's bodily injury limits and her UIM coverage. Ibid.

This court held that when a plaintiff recovers in settlement with tortfeasors an aggregate sum equal to or more than the amount of their UIM coverage, they have no viable UIM claim. Id. at 397; see also Prudential Prop. & Cas. Ins. Co. v. Johnson, 238 N.J. Super. 1, 5 (App. Div. 1989) ("Under the explicit and unambiguous language of [N.J.S.A. 17:28-1.1(e)(1)], the insureds' underinsured

motorist coverage is to be reduced by the amount that [they have] recovered under all bodily injury insurance or bonds."). We explained that the last sentence of N.J.S.A. 17:28-1.1(e)(1) created a pro tanto setoff requirement. Nikiper, 232 N.J. Super. at 398. Therefore, the total amount a plaintiff recovers from all available insurance policies should be credited against their UIM coverage. Id. at 400. The setoff requirement remains applicable even if one of the tortfeasors is underinsured. See id. at 398.

This court noted that UIM coverage is contractual and not based on the number of individuals involved in an accident. Id. at 398-99. Therefore, an individual can only recover up to the amount of the UIM policy limit they purchased. Id. at 399; see Bauter v. Hanover Ins. Co., 247 N.J. Super. 94, 96 (App. Div. 1991) (explaining that while in some states, UIM coverage was meant to fully compensate plaintiffs for their losses, "[t]he purpose of New Jersey's statute [was] to protect the insured up to the UIM limits purchased and not to make an injured person whole again").

Plaintiff recovered $70,000 from defendants and $15,000 from Bufardeci. The $85,000 she collected in settlement monies exceeded her $50,000 UIM policy coverage with GEICO. Therefore, plaintiff is not entitled to UIM coverage.

We turn briefly to plaintiff's assertion that GEICO is estopped from denying her UIM claim because it implicitly acknowledged she was entitled to UIM coverage in its October 30, 2020 letter granting her approval to settle her claim against Bufardeci. We see no reason to disturb the trial court's determination rejecting that argument. GEICO's letter did not state, implicitly or otherwise, that plaintiff was entitled to UIM coverage under its policy. To the contrary, the letter informed plaintiff that GEICO required certain documents to investigate plaintiff's claims and after review of those documents it would determine the availability of UIM coverage.

GEICO's October 30, 2020 letter explicitly stated that "[g]ranting permission to settle is not intended to imply coverage or waive our right to a full coverage investigation. UIM Coverage, if afforded will be reduced by the full value of the [tortfeasors'] available liability limits." Therefore, plaintiff was informed there was not yet a determination regarding the availability of UIM benefits, and if she was entitled to UIM benefits, they would be reduced by the full value of the tortfeasors' available liability limits. Plaintiff cannot demonstrate an estoppel claim. The trial court properly granted GEICO summary judgment.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

9

A-0103-22